**Saverio D. RUFFOLO, Plaintiff–Appellant,**

v.

**OPPENHEIMER & CO., INC.; Anthony G. Caserta; The Chicago Board Options Exchange, Inc., Defendants,**

**Oppenheimer & Co., Inc., Defendant–Appellee.**

**No. 1568, Docket 91–7209.**

United States Court of Appeals, Second Circuit.

Argued May 24, 1991.

Decided Nov. 5, 1991.

Anthony M. Fischetti, New York City (Steven I. Brizel, Garbarini & Scher, P.C., of counsel), for plaintiff-appellant.

Alan R. Friedman, New York City (Martin R. Gold, Robert P. Mulvey, Gold, Farrell & Marks, of counsel), for defendant-appellee.

Before KEARSE, MAHONEY, and SNEED,[*] Circuit Judges.

MAHONEY, Circuit Judge:

Plaintiff-appellant Saverio D. Ruffolo appeals from a judgment of the United States District Court for the Southern District of New York, Shirley Wohl Kram, *Judge,* that was entered February 7, 1991 and dismissed his complaint pursuant to Fed. R.Civ.P. 12(b)(6) without leave to replead. The district court concluded that, as to certain causes of action, the complaint did not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Fed.R.Civ.P. 8(a)(2); and as to the remaining causes of action, did not state "the circumstances constituting fraud ... with particularity," as required by Fed.R.Civ.P. 9(b). Ruffolo contends that the district court should not have dismissed his complaint, and in any event should have granted him at least one opportunity to replead.

Because judgment has been entered against only one of two served defendants, and there has been no certification pursuant to Fed.R.Civ.P. 54(b), we dismiss the appeal for want of appellate jurisdiction.

## Background

Ruffolo's complaint alleges that on July 14, 1987, he entered into a written contract with defendant Oppenheimer & Co., Inc. ("Oppenheimer") pursuant to which Oppenheimer agreed to serve as an options broker for Ruffolo with respect to trading on the (dismissed defendant) Chicago Board Options Exchange, Inc. (the "CBOE").[1] The complaint further alleges that Oppenheimer assigned one of its employees, Anthony D. Caserta, to serve as the broker on behalf of Ruffolo. Ruffolo's claims appear to be based upon trading which occurred on and immediately following October 19, 1987, commonly known as "Black Monday," when the stock market crashed.

Seeking forty million dollars in compensatory damages plus punitive damages, Ruffolo alleges the following claims against Caserta and Oppenheimer: negligence with respect to their dealings as a broker on his behalf; misrepresentation of their expertise as brokers; breach of the contract of brokerage by authorizing the expenditure of greater sums of money than were authorized by Ruffolo; fraudulent inducement of Ruffolo to enter into the brokerage contract by misrepresenting their expertise as brokers; intentional infliction of emotional distress; and violation of "the securities laws of the United States and the State of New York."

The complaint also alleges that "subsequent to January 31, 1988, [Ruffolo] was compelled to redress his grievance against

---

[*] The Hon. Joseph T. Sneed, United States Circuit Judge for the Ninth Circuit, sitting by designation.

1. The complaint named the CBOE in only its seventh claim, which was dismissed without prejudice by stipulation entered September 22, 1990.

[Oppenheimer and Caserta] at an arbitration proceeding under the auspices of the [CBOE]." Discovery with respect to that arbitration proceeded for approximately two years. In motion papers below, Ruffolo's counsel described that discovery as "protracted." On appeal, they portray it as generating "a voluminous exchange of documents." The complaint alleges that the arbitrator ultimately "refused to take testimony or make a determination" regarding the matter in or about May, 1990. A subsequent affirmation by Ruffolo's counsel reveals, however, that the arbitrator "decided merely not to hear the case when [Ruffolo's] counsel failed to appear on the scheduled date for the arbitration."

As previously indicated, *see supra* note 1, CBOE is no longer a party defendant in this case. The summons and complaint were served upon both Oppenheimer and Caserta, however, on July 16, 1990. As indicated below, Oppenheimer thereupon moved to dismiss the complaint. Caserta, on the other hand, has never moved or answered; nor has any default judgment been entered against him.

Oppenheimer moved to dismiss the complaint on the grounds that it fails to meet the requirements of Fed.R.Civ.P. 8(a) and 9(b). The district court granted the motion and, pursuant to rule 12(b)(6), dismissed the complaint with prejudice and without leave to amend. The complaint was dismissed "as against" Oppenheimer, and the notice of appeal specifies that appeal is taken from the district court order "dismissing the complaint ... as to Oppenheimer & Company, Inc."

The district court's memorandum opinion and order dismissing the complaint reasoned that the negligence, contract, and emotional distress claims recite "conclusory, boiler-plate allegations" and "fail[] to set forth the scantest factual basis for such allegations." They were accordingly deemed not to meet the minimal requirements of rule 8(a)(2), which requires a pleading to allege "a short and plain statement of the claim showing that the pleader is entitled to relief." The misrepresentation, fraud, and securities claims were re-garded as failing to state fraud "with particularity," as required by rule 9(b), because they were "conclusory and wholly unsupported by factual detail."

Addressing the question of leave to amend, the court stated:

Although the Court would, under most circumstances, permit plaintiff to re-plead, it refuses to do so here, since such opportunity would serve no useful purpose. The complaint alleges that "protracted" discovery in the arbitration initiated by plaintiff before the CBOE proceeded for *two years* before it was dismissed. During that time plaintiff was represented by his present counsel. If, after two years of "protracted" discovery, plaintiff can do no more than allege in the vaguest and most abstract terms a fraud of such magnitude, the Court can only conclude that the complaint has no basis in fact.

*Ruffolo v. Oppenheimer & Co.*, 1991 Fed. Sec.L.Rep. (CCH) ¶ 95,790 (S.D.N.Y. Feb. 5, 1991), at 98,804, 1991 WL 17857 (citations and footnote omitted) (emphasis added).

This appeal followed.

### Discussion

Fed.R.Civ.P. 54(b) provides:

When more that one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

As stated above, the complaint was dismissed only as to Oppenheimer, although both Oppenheimer and Caserta have been served. Accordingly, the district court order of dismissal did "not terminate the action as to any of the claims or parties," *id.*, and thus is not a final decision from which an appeal can be taken pursuant to 28 U.S.C. § 1291 (1988). *See Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627 (2d Cir.1991).

We do not mean to imply that a rule 54(b) certification would have been appropriate in this case. In view of the " 'historic federal policy against piecemeal appeals,' " *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8, 100 S.Ct. 1460, 1465, 64 L.Ed.2d 1 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438, 76 S.Ct. 895, 901, 100 L.Ed. 1297 (1956)), such a certification should not be granted routinely. *See id.* ("Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims."). Rather, certification should be "granted only if there exists 'some danger of hardship or injustice through delay which would be alleviated by immediate appeal.' " *Cullen v. Margiotta*, 618 F.2d 226, 228 (2d Cir.1980) (per curiam) (quoting *Brunswick Corp. v. Sheridan*, 582 F.2d 175, 183 (2d Cir.1978) (quoting *Western Geophysical Co. of Am. v. Bolt Assocs., Inc.*, 463 F.2d 101, 103 (2d Cir.) (quoting *Campbell v. Westmoreland Farm, Inc.*, 403 F.2d 939, 942 (2d Cir. 1968)), *cert. denied*, 409 U.S. 1040, 93 S.Ct. 523, 34 L.Ed.2d 489 (1972))). We perceive nothing in the present record to indicate a sufficient reason for granting a rule 54(b) certification. The claims against Oppenheimer and Caserta, its employee, are completely intertwined.

On occasion, we have remanded for a rule 54(b) certification and noted that should a timely appeal follow that action, we would "consider the appeal on the briefs already received and the argument already heard." *Chemical Bank v. Slaner (In re Duplan Corp.)*, 591 F.2d 139, 148 (2d Cir.1978) (citing *Coleman v. American Export Isbrandsten Lines, Inc.*, 405 F.2d 250, 251 n. 1 (2d Cir.1968); *Wolfson v. Blumberg*, 340 F.2d 89, 90 (2d Cir.1965); 10 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2660, at 89 & n. 87 (1973)). Although, as previously stated, no rule 54(b) certification will be appropriate on remand in this case, we would nonetheless be disposed to follow the quoted procedure if the case is put in appealable form upon remand and a new appeal presents essentially the same issues that have been tendered to us. Should Caserta be a party to any such appeal, or other complications be presented, appropriate arrangements can be made when the scheduling order for the appeal is established.

### Conclusion

The appeal is dismissed for want of appellate jurisdiction.