Isaiah BROWN, Plaintiff–Appellant,

v.

Richard PLANSKY, A.D.A., Eddie Lebron, Thomas Rotko, A.D.A., Patrick Kennedy, Joseph Guiney, Police Officer, John Doe, Police Officer, Jane Doe, Police Officer, Kelly Keegan, Zebedee Pouncey, Howard Meyer, Robert Sylvan, The City of New York, its agents, servants, representatives, and employees, others whose names are unknown at this time, Defendants–Appellees.

Docket No. 00–180.

United States Court of Appeals, Second Circuit.

Nov. 14, 2001.

Isaiah Brown, Napanoch, NY, pro se.

No appearances for appellees.

Present WALKER, Chief Judge, POOLER, and KATZMANN, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Plaintiff-appellant Isaiah Brown, *pro se,* appeals from the district court's *sua sponte* dismissal, pursuant to 28 U.S.C. § 1915A, of Brown's 42 U.S.C. § 1983 complaint against two assistant district attorneys, his own defense attorney, several police officers, two alleged victims of his offenses, one of the alleged victim's attorneys, and the City of New York.

In his complaint, Brown claimed that defendants-appellees conspired to violate his constitutional rights by causing his arrest, detention, prosecution, and conviction. The district court screened the complaint pursuant to § 1915A, and *sua sponte* dismissed it, finding it duplicative of another pending action in which Brown alleged similar conspiracy claims against the same or related parties.

We review district court dismissals based on the rule against duplicative litigation for abuse of discretion, *see Curtis v. Citibank, N.A.,* 226 F.3d 133, 138 (2d Cir.2000), and we review § 1915A dismissals *de novo, see Marvin v. Goord,* 255 F.3d 40, 42 (2d Cir.2001); *Liner v. Goord,* 196 F.3d 132, 134 (2d Cir.1999).

We find that the complaint was properly dismissed. "As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis*, 226 F.3d at 138. Brown's complaint substantially duplicates the conspiracy allegations raised in Brown's first action, and all of the claims he raises now were or could have been brought in that action. *See id.* at 139–40. Although the conspiracy claim in Brown's first complaint was dismissed by the district court for failure to properly allege a conspiracy and Brown was not permitted to amend his original complaint to perfect the conspiracy claim in that action, his recourse is to appeal that decision after judgment is entered in that case, not to file a duplicative second complaint. *See* 28 U.S.C. § 1291; Fed.R.Civ.P. 54(b) (an order dismissing some, but not all, claims, is not an appealable final order unless the trial court certifies that there is no just reason to delay appeal and expressly directs that judgment be entered); *see also Ruffolo v. Oppenheimer & Co.*, 949 F.2d 33, 36 (2d Cir.1991). The district court therefore did not err or abuse its discretion by not allowing him to proceed with the duplicative claims in the second action which gave rise to this appeal.

Accordingly, the judgment of the district court dismissing the action is hereby **AFFIRMED.**