**Joseph A.F. SADOWSKI,**
**Plaintiff–Appellant,**

v.

**Judge Anthony J. FALANGA, and**
**Security of the Court, Defen-**
**dants–Appellees.**

**Docket No. 00–9334.**

United States Court of Appeals,
Second Circuit.

Feb. 15, 2002.

Joseph A.F. Sadowski, Hicksville, NY, pro se, for Appellant.

Patrick J. Walsh, Assistant Solicitor General of the State of New York; Eliot Spitzer, Attorney General of the State of New York, Michael S. Belohlavek, Deputy Solicitor General, on the brief, New York, NY, for Appellee.

Present POOLER, SOTOMAYOR, Circuit Judges, and KAPLAN, District

Judge.*

## SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that this appeal is DISMISSED.

Joseph A.F. Sadowski brings two appeals, both from orders of the United States District Court for the Eastern District of New York (Seybert, *J.*), and consolidated by this Court under Docket No. 00–9334. First, Sadowski appeals from the district court's order dismissing his complaint against Judge Anthony J. Falanga and ordering him to file proof of service with respect to the remaining defendant, Security of the Court ("Security"), within thirty days or risk dismissal of his action. Second, Sadowski appeals from the district court's order denying his motion for a rehearing and for permission to amend his complaint, without prejudice to renewal, after this Court addressed his first issue on appeal. For the reasons given below, we dismiss both appeals for lack of jurisdiction.

Sadowski filed a complaint against Judge Falanga and Security in February 2000. His lawsuit sought damages for injuries he and his father allegedly suffered when Judge Falanga had Sadowski removed from the courtroom by court security. Attached to the complaint was an affidavit for proof of service against Judge Falanga, but no proof of service was attached for Security. Judge Falanga moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(1) and (6) on a theory of judicial immunity.

Sadowski then moved for a default judgment against both defendants on the grounds that neither answered his complaint. The district court returned the filings because Sadowski had not served them on defendants. Sadowski appealed from this order, and we dismissed the appeal for lack of jurisdiction over a nonfinal district court order.

On September 30, 2000, the district court granted Judge Falanga's motion to dismiss. It also ordered Sadowski to file proof of service against Security within thirty days. If Sadowski filed proof of service, the district court stated it would hear a motion to amend the complaint at that time. If no proof of service was filed, the district court said it would dismiss the action in its entirety. The district court also found Sadowski lacked standing to prosecute claims on his father's behalf. Sadowski appealed.

On October 30, 2000, Sadowski filed, in district court, a motion for rehearing and permission to amend the complaint. Sadowski attached a notarized letter signed by a licensed process service alleging that on February 7, 2000, she served a summons and complaint, for Security, on an officer of the court. On November 29, 2000, the district court denied the motion for rehearing without prejudice for renewal after this Court's disposition of the earlier appeal. Again, Sadowski appealed.

▉ A district court order is appealable only as to a final decision under 28 U.S.C. § 1291 or Fed.R.Civ.P. 54(b), as to a certified interlocutory order under 28 U.S.C. § 1292(b), or as to an order encompassed by 28 U.S.C. § 1292(a) or the collateral order doctrine. *Whiting v. Lacara,* 187 F.3d 317, 319 (2d Cir.1999). A final decision is one that disposes of all claims against all parties, leaving "nothing for the

---

* The Honorable Lewis A. Kaplan, United States District Court Judge for the Southern District of New York, sitting by designation.

court to do but execute the judgment." *Ginett v. Computer Task Group, Inc.,* 962 F.2d 1085, 1092 (2d Cir.1992). A district court order dismissing a complaint on certain claims or against certain parties in a multi-claim or multi-party action is not an appealable final order unless the trial court certifies, pursuant to Fed.R.Civ.P. 54(b), that there is no just reason to delay appeal and expressly directs that judgment be entered. Fed.R.Civ.P. 54(b), *Ruffolo v. Oppenheimer & Co.,* 949 F.2d 33, 36 (2d Cir.1991). There is, however, an exception to this rule: when an action is dismissed as to all defendants who have been served and only unserved defendants remain, the immediate and automatic entry of final judgment is not precluded "since there is no basis for believing there will be any further adjudications in the action, or, therefore, for holding the dismissals subject to revision." *Leonhard v. United States,* 633 F.2d 599, 608 (2d Cir. 1980).

■ We lack jurisdiction to review the order dismissing the complaint against Judge Falanga and ordering Sadowski to file proof of service with respect to Security within thirty days. The order is non-final as it does not dispose of all defendants in the action, and the district court did not make an express determination that judgment should be entered pursuant to Rule 54(b). Further, by ordering Sadowski to provide proof of service for Security, the district court indicated that the litigation would continue in district court, barring application of the *Leonhard* exception. Finally, the district court did not certify this order under § 1292(b) and it does not fall under the collateral order doctrine because it can be reviewed once final judgment has been entered. Thus, we lack jurisdiction to hear the appeal of this order.

We also lack jurisdiction to review the order denying Sadowski's motion for rehearing and permission to amend his complaint. That order is also non-final, as it did not dispose of all claims but instead reserved review of the motions.

We have considered the remainder of Sadowski's arguments and find them without merit.