**Alonso L. MYERS, Plaintiff–Appellant,**

v.

**Carole MAGAI, Carl Cohen, Paige Adams, Richard P. Mills, Downstate Medical College/Suny, Center for Ethnic Studies, the Research Foundation of State University of New York, Defendants–Appellees.**

**Docket No. 02–7231.**

United States Court of Appeals, Second Circuit.

Sept. 6, 2002.

Alonso L. Myers, pro se, Brooklyn, NY, for Appellant.

William Ballaine, Landman, Corsi, Ballaine & Ford, (Cathleen Gianetta and Jen-

nifer Hein, on the brief), New York, NY, for Paige Adams, Carole Magai, Center for Ethnic Studies, and Research Foundation of the State University of New York, for Appellees.

Present RALPH K. WINTER and SONIA SOTOMAYOR, Circuit Judges, and JOHN G. KOELTL, District Judge.[*]

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Plaintiff-appellant Alonso L. Myers appeals from orders of the United States District Court for the Eastern District of New York (Block, J.) dismissing the claims against defendants Carole Magai, Carl Cohen and Paige Adams pursuant to Fed. R.Civ.P. 12(b)(6), and a judgment granting the Research Foundation of the State University of New York's ("Research Foundation") motion for summary judgment. Myers filed a complaint pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, in which he asserted that the defendants intentionally discriminated against him on the basis of his gender when they rejected him for a position as an interviewer. We affirm the district court's orders and judgment substantially for the reasons stated by the district court.[1]

The district court properly dismissed the claims against the individual defendants on the ground that they may not be held personally liable under Title VII. *See* *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir.1995). Moreover, at summary judgment, Myers provided no support for his claim on appeal that he was qualified or more qualified than the women hired as interviewers by the Research Foundation. He also provided no support for his argument that there is a material dispute of fact as to whether he had the requisite work experience. On appeal, Myers submits only conflicting information about the subject of his undergraduate degree. There is nothing in the record to suggest that he informed the Research Foundation of his undergraduate major before he was rejected for an interviewer position, however. Myers's argument that the Research Foundation did not properly respond to a discovery request for information about interviewers hired after Myers was rejected for the position fails. Obtaining this information earlier would not have changed the outcome of this case, because it only supported the Research Foundation's position.

In his reply brief, Myers asserts that the Research Foundation hired no male African–Americans or individuals above the age of forty as interviewers. Myers has waived these arguments as he did not raise them in his opening brief. In addition, Myers does not challenge the district court's statement that he waived these claims at a pre-motion conference. *Gurary v. Winehouse*, 190 F.3d 37, 44 (2d Cir.1999). Myers has also waived claims raised below pursuant to 42 U.S.C. § 1981, the Administrative Code of the City of New York, and the New York State Exec-

---

[1] The individual defendants contend that Myer has appealed only from the district court's summary judgment ruling, and that any appeal of the district court's December 1999 and January 2000 orders dismissing the complaint against them would be untimely. A district court's order granting a motion to dismiss with respect to some, but not all, of the named plaintiffs is a non-final order that may not be immediately appealed. *Ruffolo v. Oppenheimer & Co.*, 949 F.2d 33, 36 (2d Cir. 1991). Moreover, we read plaintiff's *pro se* filings liberally.

utive Law because he did not address these arguments on appeal. *LoSacco v. Middletown,* 71 F.3d 88, 92–93 (2d Cir. 1995) (claims raised below, but not raised on appeal, are deemed waived).

The district court's judgment is hereby affirmed.