**James L. WOODS, Plaintiff–Appellant,**

v.

**Jon DOE # 1–7, Court Officer, A. Slootsky, Parole Officer, Defendants,**

**Jane DOE, Court Officer, Keenue, Officer at the 77th Precinct, Bolyd, Officer at the 77th Precinct, M. Sandoz, Officer at the 77th Precinct, Jon Doe # 1–3, Corr. Officer, EMS Worker # 1–2, Defendants–Cross–Appellants,**

**J. Sheinberg, Attorney, Department of Motor Vehicles, Defendants–Appellees,**

---

194

S. Goodwin, Officer at the 77th Precinct, New York City Police Department, A. Schneider, Parole Officer, D. Heaney, Officer at the 77th Precinct, V. Leone, Officer, Defendants–Cross–Defendants–Appellees.

Docket No. 03–7165.

United States Court of Appeals, Second Circuit.

March 29, 2004.

James L. Woods, Brooklyn, NY, for Appellant, pro se.

Daniel J. Chepaitis, Office of the Attorney General, New York, NY, John P. Barry, Office of Attorney General, Hartford, CT, for Appellees.

PRESENT: Hon. THOMAS J. MESKILL, Hon. ROBERT A. KATZMANN, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

In the case at hand, we consider James L. Woods's appeal and whether to *sua sponte* dismiss as non-final Woods's appeal of the district court's decision in Woods's 42 U.S.C. § 1983 complaint: (1) to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), the claim against the Department of Motor Vehicles ("DMV"); (2) to grant summary judgment in favor of Parole Officers Jan Schneider and Alex Slootsky; (3) to deny Wood's cross-motion to strike the DMV's defenses; and (4) to deny Wood's motion for reconsideration of his motion to file a third amended complaint. Familiarity with the facts is assumed.

A district court's order is appealable only as a final decision under 28 U.S.C. § 1291 or Fed.R.Civ.P. 54(b), as a certified interlocutory order under 28 U.S.C. § 1292(b), as an order encompassed by 28 U.S.C. § 1292(a), or if it falls under the collateral order doctrine. *See Whiting v. Lacara*, 187 F.3d 317, 319 (2d Cir.1999). Generally, a final order is an order by the district court that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978) (internal quotation marks omitted). A district court order dismissing a complaint against certain defendants in a multi-defendant action is not an appealable final order unless the trial court certifies that there is "no just reason to delay" appeal and expressly directs that judgment be entered. *See Ruffolo v. Oppenheimer & Co.*, 949 F.2d 33, 36 (2d Cir.1992) (dismissal of complaint as to some, but not all, defendants was not an appealable final order); Fed.R.Civ.P. 54(b).

This Court has discretionary authority to grant leave to appeal an interlocutory order if the district court has certified in writing that (a) the order involves a controlling question of law as to which there is substantial ground for difference of opinion and (b) an immediate appeal may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b); *see also Tranello v. Frey*, 962 F.2d 244, 247 (2d Cir.1992).

The district court's order dismissing the complaint against one defendant, granting summary judgment for two defendants and not discussing the remaining defendants is non-final as it does not "end[ ] the litigation on the merits and leave[ ] nothing for the court to do but execute the judgment." *Coopers & Lybrand*, 437 U.S. at 467, 98 S.Ct. 2454; *see Ruffolo*, 949 F.2d at 36. Claims remain pending in the district court against the individual police officer

defendants, the EMS Worker, and the Jane and John Does. Additionally, the district court did not certify that there was no just reason to delay appeal and did not expressly direct that judgment be entered. Therefore, the appeal should be dismissed for lack of jurisdiction. *Id.*

For the foregoing reasons, we dismiss the appeal for lack of jurisdiction. This dismissal is without prejudice to raising these issues again in any appeal from a final order in this case.