Lisa LESAVOY, Plaintiff–Appellant,

v.

Renee GATTULLO–WILSON, Salomon Smith Barney, Inc., Defendants– Appellees,

John B. Lane, Kestrel, LLC, Rufus F. Land, Comart, Inc., and John 1– 10 Doe, Defendants.

No. 05–3011–CV.

United States Court of Appeals, Second Circuit.

March 2, 2006.

Richard S. Bonfiglio, The Law Firm of Richard S. Bonfiglio, New York, NY, for Appellant.

Mitchell Lowenthall, Cleary, Gottlieb, Steen & Hamilton LLP (Mitchell A. Lowenthal, Jeffrey A. Rosenthal, Jonathan T. Salomon), New York, NY, for Appellees, of counsel.

Present: Hon. PIERRE N. LEVAL, Hon. SONIA SOTOMAYOR, Circuit Judges, and Hon. MARK R. KRAVITZ, District Judge.*

### SUMMARY ORDER

Plaintiff–Appellant Lisa Lesavoy appeals from an order of May 16, 2005, dismissing this action.[1] Previously, the district court had granted the motion of Defendants–Appellees Renee Gattullo–Wilson and Salomon Smith Barney, Inc. (collectively, "SSB") to dismiss all eight counts of Lesavoy's complaint against them, and it is that order which Lesavoy challenges on appeal. We assume the parties' familiarity with the facts of this case, its relevant procedural history, and the issues on appeal.

We review *de novo* a district court's grant of a motion to dismiss pursuant to Rule 12(b)(6), construing the complaint in the light most favorable to the plaintiff, accepting its well-pleaded allegations as true and drawing all inferences in plaintiff's favor. *Kavowras v. N.Y. Times Co.*, 328 F.3d 50, 54 (2d Cir.2003). "We may affirm the dismissal only if it appears beyond doubt that the plaintiff[ ] can prove no set of facts in support of [her] claim[s] which would entitle [her] to relief." *Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 395 F.3d 25, 31 (2d Cir.) (internal quotation marks omitted and third alteration in original), *cert. granted,* —— U.S. ——, 126 S.Ct. 34, 162 L.Ed.2d 932 (2005). " '[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.' " *Todd v. Exxon Corp.*, 275 F.3d 191, 198 (2d Cir.2001) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

In a thorough opinion, the district court dismissed counts three through eight of the complaint, all of which "plead fraud in various forms," because (among other reasons) Lesavoy failed to plead those claims with the particularity required by Rule 9(b) of the *Federal Rules of Civil Procedure*, which provides, "In all averments of fraud or mistake, the circum-

---

* The Honorable Mark R. Kravitz, United States District Judge for the District of Connecticut, sitting by designation.

1. Defendant Rufus F. Land never answered the complaint or otherwise moved to dismiss it, although the docket sheet indicates that he had been served with the summons and complaint. In its May 16, 2005, order dismissing this action, the district court stated that the action was dismissed upon a representation of settlement by the parties. However, there is no indication in the record of a settlement with Land or a default judgment against him. This raises a question whether all claims against all parties have been resolved and thus whether we have jurisdiction over this appeal. *See, e.g., Ruffolo v. Oppenheimer & Co., Inc.*, 949 F.2d 33, 35–36 (2d Cir.1991). Nevertheless, the Court is satisfied that it has jurisdiction over this appeal. Lesavoy's counsel, who was well aware of this issue, represented to the Court at argument that the district court's order dismissed this action in its entirety. Based upon this representation by counsel, we presume that the district court's May 16 order dismissed Lesavoy's claim against Land with prejudice, thus giving the Court jurisdiction over this appeal.

stances constituting fraud or mistake shall be stated with particularity." Fed. R.Civ.P. 9(b). Before dismissing her complaint, the district court had given Lesavoy an opportunity to amend the complaint to provide the specificity required by Rule 9(b) and had explicitly cautioned her that "any dismissal of any of the causes of action in the amended complaint shall be without further leave to amend."

Lesavoy's complaint does not identify the false statements, or failures to speak under an obligation to do so, that give rise to her fraud allegations against SSB. Nor does the complaint articulate specific facts from which an inference of fraudulent intent on SSB's part can be drawn. Accordingly, having already given Lesavoy an opportunity to cure these defects, the district court properly dismissed counts three through eight for failure to comply with Rule 9(b). *See First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 178 (2d Cir.2004) (affirming the dismissal of an amended complaint because the allegedly fraudulent acts of which plaintiffs complained "were not pled with sufficient particularity"). The district court also properly dismissed count two—Lesavoy's RICO claim—on the basis of Rule 9(b), "[a]s the allegations primarily rest upon the predicate acts of mail fraud, wire fraud, and fraud on a financial institution" and so "must be pled with particularity." *See Satinwood*, 385 F.3d at 178 ("[A]ll allegations of fraudulent predicate acts [under RICO] are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b).").

In the remaining count, count one, Lesavoy alleged that SSB aided and abetted Defendant John Lane's breach of his fiduciary duty to the trusts and trust benefi-

ciaries. Unlike the other counts discussed above, count one is not governed by the pleading requirements of Rule 9(b). Instead, the allegations of count one are judged under the notice-pleading standard of Rule 8. *See, e.g., Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

To plead her aiding-and-abetting claim properly under New York law,[2] Lesavoy was required to allege the following elements: "(1) a breach by a fiduciary of obligations to another, (2) that the defendant knowingly induced or participated in the breach, and (3) that plaintiff suffered damage as a result of the breach." *Kaufman v. Cohen*, 307 A.D.2d 113, 760 N.Y.S.2d 157, 169 (N.Y.App.Div.2003). The district court identified four breaches of fiduciary duty by Lane that SSB was alleged to have aided and abetted in the complaint:

(1) that Comart was unnecessarily interposed as an introducing broker, effectively increasing the cost of executing each trade for the Trusts without conferring any additional benefit;

(2) that all commodities futures and options trades required Petit's express written consent, and that they were executed without this consent;

(3) that funds were transferred between the Trusts; and

(4) that trades were accepted that exposed the Trusts to a risk of loss, greater than net assets.

For a variety of reasons, the district court held that Lesavoy had not properly pleaded an aiding-and-abetting claim against SSB as to any of the aforementioned breaches of fiduciary duty.

**2.** SSB maintains that New York law governs this action. Lesavoy does not say whether New York law or South Carolina law applies, but does not suggest that the two differ in relevant respects.

■ With respect to the second, third, and fourth alleged breaches described above, we agree with the district court that Lesavoy has not properly pleaded the elements of an aiding-and-abetting claim against SSB. In particular, the Court agrees with the district court that the trust documents (which were incorporated by reference in Lesavoy's complaint) do not support her conclusory assertion that prior written consent was required for approval of each trade. Indeed, the trust documents expressly stated that "[n]o person . . . or firm dealing with the Trustees . . . shall be required to investigate the authority of the Trustees for entering into any transaction." We also agree, as the district court rightly noted, that evidence referenced in or incorporated into the complaint rebutted Lesavoy's assertion that SSB aided transfers between the trusts. *See Feick v. Fleener*, 653 F.2d 69, 75 (2d Cir.1981) ("Since the documents upon which [plaintiffs] based their claim show on their face absence of any grounds for relief, dismissal was proper."). Finally, as a matter of law, SSB was not responsible for the riskiness of the trustee's trades because it did not have authority to place trades without authorization from the trustee. *See De Kwiatkowski v. Bear, Stearns & Co., Inc.*, 306 F.3d 1293, 1308–09 (2d Cir.2002).

■ Our only disagreement with the district court's otherwise proper disposition of Lesavoy's claims relates to the aiding-and-abetting claim based upon the first alleged breach—the unnecessary interposition of Comart as an introducing broker. In dismissing that claim, the district court observed that "there is nothing improper, let alone a breach of fiduciary duty, about employing an introducing broker. Moreover," the court stated, "there were no allegations that the SSB Defendants had knowledge that Comart received improper payment." While the district court certainly was correct that there is nothing *necessarily* improper about employing an introducing broker, Lesavoy expressly alleged in the complaint that Comart was paid extra brokerage fees despite the fact that SSB knew that Comart would confer no benefit on the trusts. And, contrary to the district court's assertion, Lesavoy did explicitly allege knowledge on the part of SSB. *See, e.g.,* Complaint ¶ 235(e) ("[SSB], while knowing the payment of COMART's commission charges were a fraud upon the respective Trusts and the respective beneficially interested parties therein nevertheless caused the same to be paid . . . ."); *id.* ¶ 240(a)(v) ("Lane, Land, [and SSB] aided, abetted and facilitated breaches of the respective Trusts by enabling COMART . . . to secure substantial and excessive additional commissions on the trading activity of same, while knowing same was in breach of the respective Trusts . . . ."); *see also id.* ¶¶ 85, 90, 235(f), 240(a)(vii), 285–87.

While the district court characterized these allegations as conclusory, we believe that they satisfactorily plead the requisite "knowing participation" under the liberal, notice-pleading approach of Rule 8. *See, e.g., Twombly v. Bell Atlantic Corp.*, 425 F.3d 99, 117–19 (2d Cir.2005) (vacating the district court's 12(b)(6) dismissal after assessing plaintiffs' claims under a notice-pleading standard). While SSB asserted at oral argument that Comart was paid out of the brokerage fees otherwise due SSB and that, as a result, the trusts were not burdened by any additional fees attributable to the use of Comart as an introducing broker, SSB's assertion is directly at odds with the allegations of the complaint. Ultimately, Lesavoy may be unable to prove her claims regarding Comart, but that is not the relevant inquiry at this threshold, pleading stage of the action. *See Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d

168, 177 (2d Cir.2004). Therefore, we conclude that the district court erred in dismissing Lesavoy's aiding-and-abetting claim in count one, but only to the extent of her allegation that use of Comart as an introducing broker unnecessarily burdened the trusts with increased costs for which they received no benefit. In all other respects, the district court's dismissal of Lesavoy's aiding-and-abetting claim is affirmed.

For the reasons set forth above, the judgment of the district court is AFFIRMED IN PART and VACATED IN PART, and the case is REMANDED for further proceedings consistent with this order.