09-1993-cv
*Brown v. New York State Supreme Court for
the Second Judicial District*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of April, two thousand ten.

PRESENT:

> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> *Circuit Judges.*

---

IRVING BROWN,
> *Plaintiff-Appellant*,

-v.-                                              No. 09-1993-cv
                                                  Summary Order

NEW YORK STATE SUPREME COURT
FOR THE SECOND JUDICIAL DISTRICT,
> *Defendant*,

ASTORIA FEDERAL SAVINGS AND LOAN
ASSOCIATION,
> *Defendant-Appellee.*[*]

---

Irving Brown, *pro se*, Essex, U.K., *for Plaintiff-Appellant*.

James G. Marsh, O'Reilly, Marsh & Corteselli P.C., Mineola, NY, for *Defendant-Appellee*.

---

[*] The Clerk of the Court is directed to amend the caption as set forth above.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, and DECREED, that the appeal is dismissed for lack of jurisdiction.

Plaintiff-Appellant Irving Brown, proceeding *pro se*, appeals from an order of the United States District Court for the Eastern District of New York (Cogan, *J.*) dismissing Brown's action as to the New York Supreme Court for the Second Judicial District ("New York Supreme Court"), but permitting the action to proceed against the Astoria Federal Savings and Loan Association ("Astoria"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

A district court order is appealable only as a final order under 28 U.S.C. § 1291 or Rule 54(b) of the Federal Rules of Civil Procedure, as an order relating to an injunction or other matter encompassed by 28 U.S.C. § 1292(a), as an interlocutory order certified under 28 U.S.C. § 1292(b), or as an order falling within the collateral order doctrine. *See Whiting v. Lacara*, 187 F.3d 317, 319 (2d Cir. 1999). Generally, a final order is an order by the district court that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). Under Rule 54(b), when some, but not all, of the claims or parties have been dismissed from the case, the trial court must certify that there is no just reason to delay the appeal and expressly direct that judgment be entered in regard to those claims or parties before an appeal can proceed. *See Ruffolo v. Oppenheimer & Co.*, 949 F.2d 33, 35-36 (2d Cir. 1991). The collateral order doctrine is limited in its application to "trial court orders affecting rights that will be irretrievably lost in the absence of an immediate appeal." *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 430-31 (1985). Further, in order to fit within the collateral order doctrine, which is a narrow exception to the general rule that interlocutory orders are not appealable as a matter of right, the order must: (1) conclusively

determine the disputed questions; (2) resolve an important issue completely separate from the merits of the action; and (3) be effectively unreviewable on appeal from a final judgment. *See Schwartz v. City of New York*, 57 F.3d 236, 237 (2d Cir. 1995).

In this case, the district court order is not final, pursuant to § 1291, because it dismissed the claims against the New York Supreme Court, but permitted the action to continue against Astoria. *See Ruffolo*, 949 F.2d at 36. It is true that Astoria was an unserved defendant at the time the district court issued its order, and that we have found that when an "action is dismissed as to all defendants who have been served and only unserved defendants 'remain,'" there is no reason "to preclude the immediate and automatic entry of a final judgment since there is no basis for believing there will be any further adjudications in the action, or, therefore, for holding the dismissals subject to revision." *Leonhard v. United States*, 633 F.2d 599, 608 (2d Cir. 1980). However, in this case, the *Leonhard* exception does not apply because the district court order indicated that the case would proceed against Astoria, and the district court has not issued a final judgment. *See id.* at 608 n.9.

Moreover, none of the narrow exceptions to the final judgment rule are applicable here. The order in this case is not an appealable interlocutory decision pursuant to § 1292(a), and the district court did not certify an appeal pursuant to § 1292(b). Finally, the collateral order doctrine does not apply in this case. The district court's determination that the New York Supreme Court is entitled to immunity can be effectively reviewed on appeal from final judgment. *See Morris-Hayes v. Bd. of Educ.*, 423 F.3d 153, 162-63 (2d Cir. 2005).

For the foregoing reasons, the appeal is DISMISSED for lack of jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3