09-2936-cv
Cullen v. Village of Pelham Manor

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 4th day of November, two thousand ten.

PRESENT:
> JOSEPH M. McLAUGHLIN,
> ROBERT A. KATZMANN,
> PETER W. HALL,
> > *Circuit Judges*,

---

Maria Cullen, on behalf of William, Jr., Katherine and Sarah,
William Cullen, on behalf of William, Jr., Katherine and Sarah,

> *Plaintiffs-Counter-Defendants-Appellants*,

> v.                                                              09-2936-cv

Village of Pelham Manor, Village Manager John Pierpont, Samuel DeLuca, Diane DeLuca,

> *Defendants-Counter-Claimants-Appellees*,

1st American Title Insurance Company of New York,

> *Defendant*.

---

FOR APPELLANTS:          Maria and William Cullen, *pro se*, Pelham Manor, N.Y.

FOR APPELLEES:    Jonathan S. Sanoff, Harold B. Woolfalk, H.B. Woolfalk and Associates, P.C., Scarsdale, N.Y.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, and DECREED, that the judgment of the district court be and hereby is **AFFIRMED**.

Appellants William and Maria Cullen (together, the "Cullens"), proceeding *pro se*, appeal from a partial judgment of the United States District Court for the Southern District of New York (Seibel, *J.*) granting summary judgment and dismissing Appellants' complaint with respect to certain claims. We assume the parties' familiarity with the underlying facts and procedural history of the case.

On appeal, Appellants argue only that they were denied unbiased proceedings in light of unrelated criminal and civil proceedings brought against the magistrate judge assigned to their case, and their former counsel's assertion that he was a "friend and neighbor" of the magistrate judge.

As a preliminary matter, we have jurisdiction to hear this appeal. It is true that the June 2009 judgment dismissing the complaint with respect to Appellees Samuel and Diane DeLuca (together, the "DeLucas") did not end the litigation because several claims remained pending against other defendants. *See Ruffolo v. Oppenheimer & Co.*, 949 F.2d 33, 36 (2d Cir. 1991). However, in December 2009, the district court discontinued the action with prejudice. Although the district court presented the parties with a 30-day window to restore the action, no party requested restoration and the period has since expired.

In a civil context, we review the magistrate judge's failure to recuse herself for fundamental error. *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 795 (2d Cir. 2002).

"Fundamental error . . . is so serious and flagrant that it goes to the very integrity of the [proceeding]." *Id.* (brackets in original) (quoting *Jarvis v. Ford Motor Co.*, 283 F.3d 33, 62 (2d Cir. 2002)).

28 U.S.C. § 455 provides in relevant part that any judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). This standard does not require a showing of actual partiality; rather, the relevant question is whether "a reasonable person, knowing all the facts, [would] conclude that the trial judge's impartiality could reasonably be questioned . . . . Or, phrased differently, would an objective, disinterested observer fully informed of the underlying facts, entertain significant doubt that justice would be done absent recusal?" *United States v. Amico*, 486 F.3d 764, 775 (2d Cir. 2007) (quoting *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992)) (internal quotation mark omitted).

In this case, the magistrate judge did not commit clear error in failing to recuse herself. To the extent the magistrate judge was accused of second-degree harassment, nothing about the magistrate judge's conduct during the course of Appellants' litigation suggests actual partiality against Appellants or in favor of Appellees. In addition, the magistrate judge's involvement in unrelated criminal and civil proceedings would not lead a reasonable person to question the magistrate judge's impartiality.

Of particular note, the magistrate judge recommended denying the motion for summary judgment filed by Appellees the DeLucas and the motion for summary judgment filed by Appellees the Village of Pelham Manor and John Pierpont, with respect to illegal entry and trespass claims that stemmed from a February 2001 incident. The magistrate judge's report was more favorable to the Appellants than the district court's order, which declined to accept the magistrate judge's recommendation and granted the DeLucas' motion for summary judgment.

To the extent the Cullens argue that their former counsel claimed that he was "friends and neighbors" with the magistrate judge, the Cullens were aware of this alleged relationship during the course of district court proceedings yet never moved for the recusal of the magistrate judge. *See United States v. Yu-Leung*, 51 F.3d 1116, 1119-20 (2d Cir. 1995).

Appellees, DeLucas, also request sanctions against Appellants pursuant to Fed. R. App. P. 38 on the basis of their having filed a frivolous appeal. We decline to issue sanctions in this case.

For the foregoing reasons, the judgment of the district court is **AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk