**Jon J. DuQUIN, # 33688, Plaintiff,**

v.

**Thomas S. KOLBERT, Mary Dyl and John Skonecki, Defendants.**

No. 03–CV–0966S.

United States District Court,
W.D. New York.

April 15, 2004.

Jon J. DuQuin, Buffalo, NY, pro se.

Joseph J. Schoellkopf, Jr., Damon & Morey, Buffalo, NY, for Counter Claimants.

DECISION AND ORDER

LARIMER, District Judge.

### INTRODUCTION

Plaintiff John DuQuin, a pre-trial detainee at the Erie County Holding Center, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 and the Americans with Disabilities Act, Title II ("ADA"), 42 U.S.C. § 12132 *et seq.* (Docket No. 1), and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2). Plaintiff has also filed a motion for appointment of counsel (Docket No. 3).

With respect to plaintiff's motion for the appointment of counsel, there is insufficient information before the Court at this time to make the necessary assessment of plaintiff's claims under the standards promulgated by *Hendricks v. Coughlin,* 114 F.3d 390, 392 (2d Cir.1997), and *Hodge v. Police Officers,* 802 F.2d 58 (2d Cir.1986), as issue has yet to be joined. Therefore, plaintiff's motion for appointment of counsel is denied without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se.* 28 U.S.C. § 1654.

Plaintiff, who is deaf, claims that the defendants, Thomas Kolbert, Town Justice of the Town of Cheektowaga, and John Skonecki an Mark Duyl, two Town of Cheektowaga Police Officers, violated his constitutional rights to due process and equal protection, and violated the ADA, when the two police officers, upon plaintiff's arrest, failed to provide him with a sign language interpreter when advising him of his *Miranda* rights and a hearing assisted phone call ("tty") in order to contact his attorney For the reasons discussed below, plaintiff's request to proceed as a poor person is granted and the claims against defendant Kolbert are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and service by the U.S. Marshals is ordered with respect to the remaining claims.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis.* Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. In addition, 28 U.S.C. § 1915A(a) requires the Court to conduct an initial screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.,* regardless of whether or not the inmate has sought *in forma pauperis* status under 28 U.S.C. § 1915.

In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See King v. Simpson,* 189 F.3d 284, 287 (2d Cir.1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "This rule applies with particular force where the plaintiff alleges civil rights violations or where the complaint is submitted *pro se.*" *Chance v. Armstrong,* 143 F.3d 698, 701 (2d Cir.1998). Based on its evaluation of the complaint, the Court finds that plaintiff's claims against defendant Kolbert must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2) because they fail to state a claim upon which relief may be granted against Tolbert and seek monetary relief against an individual who is entitled to immunity.

## A. Claims Against Town Justice Kolbert

It is well settled that judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities. *See, e.g., Mireles v. Waco,* 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991).

Although unfairness and injustice to a litigant may result on occasion, "it is a

general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself."

*Id.*, at 10, 112 S.Ct. 286 (quoting *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347, 20. L.Ed. 646 (1871)). The protection of immunity is not pierced by allegations that the judge acted in bad faith or with malice, *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967), even though "unfairness and injustice to a litigant may result on occasion," *Mireles*, 502 U.S. at 9, 112 S.Ct. 286. The United States Supreme Court has expressly applied the doctrine of judicial immunity to actions brought pursuant to 42 U.S.C. § 1983. *See Pierson*, 386 U.S. at 547, 87 S.Ct. 1213.

The Supreme Court has developed a two-part test for determining whether a judge is entitled to absolute immunity. *See Stump v. Sparkman*, 435 U.S. 349, 356–57, 98 S.Ct. 1099, 55. L.Ed.2d 331 (1978). First, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.* at 356–57, 98 S.Ct. 1099 (quoting *Bradley*, 80 U.S. (13 Wall.) at 351 (1871)). Second, a judge is immune only for actions performed in his judicial capacity. *Id.* at 360, 98 S.Ct. 1099; *see also Maestri v. Jutkofsky*, 860 F.2d 50 (2d Cir. 1988) (finding no immunity where town justice issued arrest warrant for conduct which took place within neither his town nor an adjacent town, thereby acting in the absence of all jurisdiction), *cert. denied*, 489 U.S. 1016, 109 S.Ct. 1132, 103 L.Ed.2d 193 (1989); *Gregory v. Thompson*, 500 F.2d 59, 62 (9th Cir.1974) (finding no immunity where judge assaulted litigant).

*Stump* further distinguished between an "excess of jurisdiction" and "the clear absence of all jurisdiction" over the subject matter.

Where there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible. But where jurisdiction over the subject-matter is invested by law in the judge, or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case, although upon the correctness of his determination in these particulars the validity of his judgments may depend.

*Stump* at 356 n. 6, 98 S.Ct. 1099 (citing *Bradley*, 80 U.S. at 351, 13 Wall. 335).

■ In this matter, it is clear from the allegations of the complaint that Judge Kolbert is being sued solely for actions taken within the scope of his jurisdiction and responsibilities as a Town Justice. Plaintiff alleges that when he appeared before Kolbert following his arrest in Cheektowaga, Kolbert failed to provide him with a sign language interpreter. Accordingly, Kolbert is entitled to absolute judicial immunity and the complaint must be dismissed against him. Moreover, while the usual practice is to allow leave to replead a deficient complaint, *see* Fed. R.Civ.P. 15(a); *see also Ronzani v. Sanofi, S.A.*, 899 F.2d 195, 198 (2d Cir.1990), such leave may be denied where amendment would be futile. See *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (per curiam) ("Where it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend.").

**42**

### CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee, his request to proceed *in forma pauperis* is hereby granted. For the reasons discussed above, plaintiff's claims against defendant Kolbert are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2), and the U.S. Marshal is directed to serve the summons and complaint on Dyl and Skonecki regarding the remaining claims.

### ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that the claims against defendant Kolbert are dismissed with prejudice;

FURTHER, that the Clerk of the Court is directed to terminate defendant Thomas S. Kolbert as a party to this action;

FURTHER, that the plaintiff's motion for appointment counsel (Docket No. 3) is denied without prejudice;

FURTHER, that the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon Mark Dyl and John Skonecki without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to file a reply to the complaint.

IT IS SO ORDERED.