987 F.2d 129
 Fed. Sec. L. Rep. P 97,386, 25 Fed.R.Serv.3d 543
 Saverio D. RUFFOLO, Plaintiff-Appellant,
v.
OPPENHEIMER & COMPANY, Anthony G. Caserta, and the Chicago
Board Option Exchange, Inc., Defendants,
Oppenheimer & Company, Anthony G. Caserta, Defendants-Appellees.
 No. 936, Docket 92-7989.
 United States Court of Appeals,
Second Circuit.
 Argued Feb. 11, 1993.
Decided March 4, 1993.
 
 Anthony M. Fischetti, New York City (Steven I. Brizel, Garbarini & Scher, on the brief), for plaintiff-appellant.
 Alan R. Friedman, New York City (Robert P. Mulvey and Linda Yassky, Gold, Farrell & Marks, on the brief), for defendants-appellees.
 Before: KEARSE, CARDAMONE, and PIERCE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Plaintiff Saverio D. Ruffolo appeals from a judgment of the United States District Court for the Southern District of New York, Shirley Wohl Kram, Judge, dismissing the complaint against defendants Oppenheimer & Company ("Oppenheimer") and Anthony G. Caserta pursuant to Fed.R.Civ.P. 12(b)(6) on the ground that it failed to state a claim on which relief can be granted, and denying leave to file an amended complaint. The court also dismissed the action against Caserta pursuant to Fed.R.Civ.P. 12(b)(5) on the ground that Ruffolo had failed to effect proper service of the summons and complaint on him. On appeal, Ruffolo, though he does not contend that the complaint alleged claims on which relief can be granted, contends that the district court erred (a) in ruling that service was inadequate and (b) in refusing to allow him to file an amended complaint. Since we see no abuse of discretion in the district court's denial of leave to amend, we affirm the judgment without reaching questions as to the service of process.
 
 
 2
 This case returns to this Court following proceedings after our dismissal of a prior appeal for lack of appellate jurisdiction, see Ruffolo v. Oppenheimer & Co., 949 F.2d 33 (2d Cir.1991) ("Ruffolo I "). The background of the litigation is set forth in Ruffolo I, and will be but briefly summarized here. Ruffolo, an investor, brought the present action in July 1990 against Oppenheimer, a brokerage firm, and Caserta, an Oppenheimer sales representative, as well as against the Chicago Board Option Exchange, Inc. ("CBOE"). Ruffolo stipulated to the dismissal of his claims against CBOE in September 1990.
 
 
 3
 The complaint alleged principally that Oppenheimer and Caserta had performed "in a negligent, improper, unprofessional and in an unknowledgeable manner," and had made misrepresentations in connection with their expertise in options trading, in violation of state and federal securities laws. It alleged that those misrepresentations, in conjunction with the sharp decline in securities values on national securities exchanges on October 19, 1987, caused Ruffolo, inter alia, loss of income, physical and psychiatric injuries, and the dissolution of his marriage. Ruffolo sought $40,000,000 in compensatory damages, plus punitive damages. Prior to bringing this action, Ruffolo had commenced an arbitration proceeding against Oppenheimer, which continued for some two years. During the arbitration proceeding, there occurred what Ruffolo's attorney described as "protracted discovery." The proceeding was terminated, however, after Ruffolo and his attorney failed to appear for the arbitration hearing.
 
 
 4
 In a Memorandum Opinion and Order dated February 5, 1991, 1991 WL 17857 ("1991 Ruling"), the district court dismissed the claims against Oppenheimer principally for failure to state a claim on which relief can be granted and for failure to allege fraud with specificity as required by Fed.R.Civ.P. 9(b). Though Ruffolo sought leave to file an amended complaint, the court denied his motion, stating that "[i]f, after two years of 'protracted' discovery, plaintiff can do no more than allege in the vaguest and most abstract terms a fraud of such magnitude, the Court can only conclude that the complaint has no basis in fact." 1991 Ruling at 7-8. Ruffolo immediately appealed, but this Court dismissed the appeal for lack of appellate jurisdiction because the judgment did not appear to dispose of the claims against Caserta and hence did not appear to be a final judgment. See Ruffolo I, 949 F.2d at 36.
 
 
 5
 Thereafter the district court dealt with matters concerning Caserta. In a Memorandum Opinion and Order dated September 1, 1992, 1992 WL 232084 ("1992 Ruling"), the court (a) ruled that there had been no effective service on Caserta, (b) adhered to its 1991 Ruling that the complaint failed to state a claim, and (c) reaffirmed its earlier determination "that this case is one in which no useful purpose would be served by granting the plaintiff the opportunity to serve an amended complaint," 1992 Ruling at 9. The court noted that
 
 
 6
 [a]lthough Ruffolo contends that he did not have "full discovery" because no depositions were taken in the arbitral proceeding, he fails to indicate why such depositions were apparently unnecessary to proceed to arbitration, but are now of critical importance. Ruffolo's failure to utilize a particular discovery device during two years of discovery in the prior arbitration is insufficient to support a finding that he did not conduct full discovery in the prior arbitration. Accordingly, Ruffolo's motion for leave to amend the complaint as to Oppenheimer and Caserta is denied.
 
 
 7
 1992 Ruling at 10. For the reasons below, we affirm.
 
 
 8
 As a general matter, "[t]he district court has discretion whether or not to grant leave to amend, and its decision is not subject to review on appeal except for abuse of discretion...." 3 Moore's Federal Practice p 15.08, at 15-64 (2d ed. 1992) (footnotes omitted); see Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); Evans v. Syracuse City School District, 704 F.2d 44, 47 (2d Cir.1983). In exercising its discretion, the district court is required to heed the command of Rule 15(a) to grant leave to amend "freely ... when justice so requires." Fed.R.Civ.P. 15(a); Foman v. Davis, 371 U.S. at 182, 83 S.Ct. at 230; Ronzani v. Sanofi S.A., 899 F.2d 195, 198 (2d Cir.1990); 3 Moore's Federal Practice p 15.08, at 15-65. Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend. See, e.g., Foman v. Davis, 371 U.S. at 182, 83 S.Ct. at 230 (denial not abuse of discretion where amendment would be futile); Health-Chem Corp. v. Baker, 915 F.2d 805, 810 (2d Cir.1990) ("where ... there is no merit in the proposed amendments, leave to amend should be denied"); Billard v. Rockwell International Corp., 683 F.2d 51, 57 (2d Cir.1982) (denial not abuse of discretion where plaintiff had had "access to full discovery" in a related case).
 
 
 9
 We are not persuaded that the district court abused its discretion in denying leave to amend in the present case. Ordinarily the difficulty in pleading a fraud claim lies in the need to set out facts sufficient to satisfy Fed.R.Civ.P. 9(b), which requires that "the circumstances constituting fraud ... be stated with particularity," prior to obtaining discovery into those circumstances. Here, however, Ruffolo had had ample access to discovery. In support of Ruffolo's motion to amend his complaint in the present action, his attorney submitted an affidavit attaching an outline of the discovery requests made and responses given in the arbitration proceeding. While replete with correspondence indicating that Ruffolo himself was recalcitrant in providing discovery, the outline and other documents attached to the affidavit reveal that Ruffolo made two document demands of Oppenheimer and that Oppenheimer fully complied with Ruffolo's demands. Thus, though Ruffolo states on this appeal that he did not obtain "full" discovery from Oppenheimer, the record gives no indication that his access to discovery was limited and gives every indication that he obtained all the discovery he sought. Since Ruffolo had already obtained all of the information he requested in nearly two years of discovery with respect to the claims he sought to assert here, we are unpersuaded that the district court abused its discretion in denying leave to amend.
 
 
 10
 Our conclusion is confirmed by our review of the proposed amended complaint that Ruffolo proffered to the district court. The proposed new pleading, while it elaborates on the operations of CBOE, does not allege significant facts tending to show fraud or complicity by Oppenheimer or Caserta.
 
 
 11
 In light of our conclusion that the district court's denial of leave to replead was not an abuse of discretion, any questions as to the effectiveness of service on Caserta are moot, and we do not reach them.
 
 
 12
 The judgment dismissing the complaint without leave to file an amended complaint is affirmed.