### In re N. MERBERG & SONS, INC., Debtors.

### Eric KURTZMAN, as Trustee of N. Merberg & Sons, Inc., Plaintiff,

### v.

### CIT BUSINESS CREDIT CORP., Defendant.

Bankruptcy No. 91 B 20853 (HS).
Adv. No. 93–5721A.

United States Bankruptcy Court,
S.D. New York,
White Plains.

April 25, 1994.

Robert R. Herzog (Paul D. Feinstein, of counsel), New York City, for debtors.

Kreindler & Relkin, P.C. (Donald P. Relkin, of counsel), New York City, for defendant.

## MEMORANDUM DECISION REGARDING THE TRUSTEE'S CLAIMS UNDER THE PERISHABLE AGRICULTURAL COMMODITIES ACT

STUART M. BERNSTEIN, Bankruptcy Judge.

The defendant, CIT Business Credit Corp. ("CIT") moves to dismiss certain claims (the "PACA Claims") asserted in the Plaintiff's Amended Complaint, filed November 12, 1993 (the "Amended Complaint"). The

PACA Claims seek, in substance, to invalidate the pre-petition security agreement between the Debtor and CIT based upon certain of the provisions of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(c). The Plaintiff has made a cross-motion, which CIT opposes, to serve and file a Second Amended Complaint (the "Proposed Amendment") which adds an additional PACA claim. Finally, CIT seeks sanctions under Bankruptcy Rule 9011.

The Plaintiff's PACA Claims are without merit. PACA does not render security agreements void, and the Trustee cannot invoke it for that purpose. Hence, the Court grants the motion to dismiss the PACA Claims and denies leave to amend the complaint. The Court also denies the motion for sanctions.

## FACTS

### A. Introduction

At all relevant times, the Debtor was engaged in business as a purveyor of foodstuffs and was a dealer of perishable agricultural commodities as defined by PACA. Prior to the petition, the Debtor and CIT had entered into a long term financing arrangement under which the Debtor granted to CIT a security interest in its inventory, accounts receivable, and furniture and fixtures (the "Collateral").

The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on May 10, 1991. The Court converted the case to Chapter 7 by order filed December 26, 1991, and the Plaintiff thereafter became Trustee.

### B. The Original Complaint

The original complaint, filed July 19, 1993, charged CIT with "lender liability"-type claims. The Trustee alleged that before the petition, CIT entered the Debtor's premises to remove, repossess or liquidate its Collateral in order to satisfy the Debtor's obligations to CIT. The original complaint sought primarily to equitably subordinate CIT's claim and void its lien under 11 U.S.C. § 510(c). It also sought ancillary relief relating to the subordination and lien avoidance. Finally,

the Plaintiff sought to recover the Debtor's books and records alleged to be in CIT's possession.

### C. The Amended Complaint

The Amended Complaint, which is the object of CIT's motion to dismiss, was filed on November 12, 1993. Besides realleging the subordination claim (Count III), the Plaintiff asserted three PACA claims. Relying on the language of PACA discussed below, Count I sought a judgment declaring that the loans made by CIT to the Debtor, and all security agreements made in connection therewith, were void *ab initio*, and for an accounting of all receivables collected by CIT. Count III sought to recover preferences, pursuant to 11 U.S.C. § 547, to the extent that the Court declared the CIT security agreement void *ab initio*. Finally, Count IV alleged that if the security interest of CIT was void *ab initio*, the Court should vacate a prior cash collateral stipulation between CIT and the Debtor.

### D. The Proposed Amendment

Building upon his prior pleading, the Plaintiff now seeks to amend the Amended Complaint to add a fourth PACA Claim. Under new Count V, the Plaintiff proposes to void the CIT security agreement and recover any transfers thereunder pursuant to 11 U.S.C. § 544(b).

CIT has moved to dismiss Counts I, III and IV of the Amended Complaint on the ground that the PACA Claims are legally insufficient, and for sanctions under Bankruptcy Rule 9011 because they are frivolous. The Plaintiff has opposed CIT's motion, and has moved to amend his Amended Complaint to include his new PACA claim embodied in Count V.

## DISCUSSION

### A. Motion to Dismiss

On a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), made applicable herein by Bankruptcy Rule 7012(b), the Court must treat all allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *Con-*

**570**

*ley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). It can grant the motion only if it appears that no set of facts could be proven at trial which would entitle the plaintiff to any relief. *Dopico v. Goldschmidt,* 687 F.2d 644, 649 (2d Cir.1982); *Wedtech Corp. v. Nofziger (In re Wedtech Corp.),* 88 B.R. 619, 622 (Bankr.S.D.N.Y. 1988).

The legal sufficiency of the Plaintiff's PACA Claims depends on the breadth of § 499e(c) of PACA; 7 U.S.C. § 499e(c). The statute, to the extent relevant to the pending motions, provides as follows:

> (1) It is hereby found that a burden on commerce in perishable agricultural commodities is caused by financing arrangements under which commission merchants, dealers, or brokers, who have not made payment for perishable agricultural commodities purchased, contracted to be purchased, or otherwise handled by them on behalf of another person, encumber or give lenders a security interest in, such commodities, and any receivables or proceeds from the sale of such commodities or products, and that such arrangements are contrary to the public interest. This subsection is intended to remedy such burden on commerce in perishable agricultural commodities and to protect the public interest.

> (2) Perishable agricultural commodities ... and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held ... in trust for the benefit of all unpaid suppliers or sellers of such commodities ... until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents....

> (3) The unpaid supplier, seller, or agent shall lose the benefits of such trust unless such person has given written notice of intent to preserve the benefits of the trust to the commission merchant, dealer, or broker and has filed such notice with the Secretary within [the prescribed time limits].

Section 499e(c) consists of three parts. Subparagraph (1) declares the legislative purpose, subparagraph (2) creates the trust discussed below, and subparagraph (3) deals with perfection which is not at issue here. The thrust of the Plaintiff's argument is that given the declaration in subparagraph (1) that the CIT-type security arrangement is "contrary to the public interest," it is void *ab initio.* If so, the Plaintiff argues, the Court must declare its invalidity and award the ancillary relief he seeks.

■ Congress amended section 499e(c) in 1984 to protect sellers of fresh produce against the produce buyers' practice of granting lending institutions security interests in their inventory, accounts receivable and the proceeds thereof (the "PACA Assets"). Security agreements that encumber PACA Assets are "contrary to the public interest" and create a "burden on commerce." 7 U.S.C. § 499e(c)(1) (1988). PACA protects sellers of perishable agricultural commodities by creating a statutory trust in the PACA Assets, "until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers [or] sellers...." 7 U.S.C. § 499e(c)(1). The seller need not trace his produce into the PACA Assets to benefit from this statutory trust; PACA creates a floating trust on all of the broker's PACA Assets. *A & J Produce Corp. v. CIT Group/Factoring, Inc.,* 829 F.Supp. 651, 654 (S.D.N.Y.1993); *D'Arrigo Bros. Co. of New York, Inc. v. Freshville Produce Distributors, Inc.,* 1990 WL 310632, at 1 (S.D.N.Y. Apr. 13, 1990) (Leval, J.); *Merrill Farms Corp. v. H.R. Hindle & Co., Inc. (In re H.R. Hindle & Co., Inc.),* 149 B.R. 775, 784 (Bankr.E.D.Pa.1993).

■ The fallacy in the Plaintiff's argument lies in his exclusive reliance on subparagraph (1) and his total disregard of subparagraph (2). Although § 499e(c)(1) declares that the CIT-type security arrangement is contrary to the public interest, it does not invalidate the arrangement. Instead, in subparagraph (2), it gives a special and limited class of creditors a statutory priority. Thus, trust assets are not property of the estate, *Morris Okun, Inc. v. Harry Zimmerman, Inc.,* 814 F.Supp.

346, 348 (S.D.N.Y.1993); *In re Southland & Keystone*, 132 B.R. 632, 639 (9th Cir. BAP 1991); *In re Chipwich, Inc.*, 165 B.R. 135, 137–38 (Bankr.S.D.N.Y.1994); *In re Al Nagelberg & Co.*, 84 B.R. 19, 21 (Bankr.S.D.N.Y. 1988), and the PACA beneficiary has priority over any other secured creditor with a lien on PACA Assets. *Consumer Produce Co. v. Volante Wholesale Produce, Inc.*, 16 F.3d 1374, 1379 (3d Cir.1994); *In re Lombardo Fruit Co.*, 12 F.3d 806, 809 (8th Cir.1993); *Morris Okun, Inc. v. Harry Zimmerman, Inc.*, 814 F.Supp. at 348; *D'Arrigo Bros. v. Freshville Produce*, 1990 WL 310632 at 1; *In re Hindle & Co.*, 149 B.R. at 784.

 The secured creditor's loss of its status, however, is only "relative to trust beneficiaries." *C.H. Robinson & Co. v. Trust Co. Bank, N.A.*, 952 F.2d 1311, 1315 (11th Cir. 1992); *accord Consumer Produce Co. v. Volante Wholesale Produce, Inc.*, 16 F.3d at 1379 (PACA "effectively vitiates a lender's security interest in trust assets held by produce purchasers vis-a-vis unpaid produce suppliers."). PACA does not otherwise invalidate or void security arrangements, and does not confer rights on any other creditors—or trustees—to void such arrangements. PACA protects a limited class of creditors, and the Trustee's strong arm powers do not permit him to void CIT's lien and recover the Collateral for the benefit of the estate. Therefore, the Court grants CIT's motion to dismiss the PACA Claims.

## B. Motion for Leave to Amend

 The Court's disposition of the motion to dismiss also resolves the Plaintiff's cross-motion for leave to assert an additional PACA claim. Although leave to amend is to be granted freely when justice so requires, Fed.R.Civ.P. 15(a), made applicable by Bankruptcy Rule 7015, leave to amend should not be granted where the proposed amendment is legally insufficient. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993) (no abuse of discretion to deny leave where it appears unlikely that it will be productive); *Health–Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir.1990) (leave to amend should be denied where the proposed amendments lack merit); 6 C. Wright, A. Miller & M. Kane,

*Federal Practice & Procedure*, § 1482, at 643 (2d ed. 1990) ("[i]f a complaint as amended could not withstand a motion to dismiss, then the amendment should be denied as futile.").

 The Proposed Amendment is legally insufficient. The Plaintiff seeks to add a claim under Bankruptcy Code § 544(b) to void the CIT lien, and the transfer of the Debtor's property in connection with that lien, pursuant to PACA. But PACA did not confer on any general unsecured creditor the power to void any transfer; it created a priority interest on behalf of duly perfected trust beneficiaries. Hence, the Plaintiff's § 544(b) claim is legally insufficient, and the Court denies the motion for leave to amend.

## C. Sanctions

 Under the law in the Second Circuit, Rule 11 Sanctions are appropriate, "where it is patently clear that a claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stands, Rule 11 has been violated." *Eastway Construction Corporation v. City of New York*, 762 F.2d 243, 254 (2d Cir.1985).

 The Plaintiff's effort to invalidate CIT's lien under PACA is not frivolous. The Court's conclusion on the motion to dismiss does not derive from unambiguous precedent—there is none—but from an extension of existing case law. In addition, the Plaintiff is a trustee, acting on behalf of the estate, and seeks to void CIT's lien for the benefit of the estate and all creditors. While the Court is mindful that abusive litigation must be stemmed, and the abusers punished, it is loathe to quell the efforts of a trustee who seeks to advance the principle of equality of distribution for the benefit of the estate. The motion for sanctions is, therefore, denied.