101 F.3d 108
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Calvin L. SHOEMAKER, Plaintiff-Appellant,
v.
STATE of California; New York State; City of New York;
CBS, Inc.; American Broadcasting Company, Inc. (ABC);
Cable News Network, Inc. (CNN); National Broadcasting
Company, Inc. (NBC), Defendants-Appellees.
 No. 95-7964.
 United States Court of Appeals, Second Circuit.
 March 8, 1996.
 
 Appearing for Appellant: Calvin L. Shoemaker, New York, New York, pro se.
 Appearing for Appellees: Bruce J. Braverman, State Attorney's Office, State of California, Sacramento, California, for appellee State of California.
 Charles F. Sanders, Assistant Attorney General, State of New York, New York, New York, for appellee New York State.
 Peter Zimroth, New York, New York, for appellee City of New York.
 Susanna M. Lowy, CBS, Inc., New York, New York, for appellee CBS.
 Gregory L. Diskant, Patterson, Belknap, Webb & Tyler, New York, New York, for appellees ABC, CNN, and NBC.
 S.D.N.Y.
 AFFIRMED.
 Appeal from the United States District Court for the Southern District of New York (Preska, Judge).
 Present: Hon. Ellsworth A. VAN GRAAFEILAND, Hon. Thomas J. MESKILL, Hon. Ralph K. WINTER, Circuit Judges.
 
 
 1
 This cause came to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by appellant and submitted by appellees.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 3
 Calvin Shoemaker appeals from Judge Preska's dismissal of his claim pursuant to Fed. R. of Civ. P. 12(b)(6) and denial of his apparent request for leave to amend his complaint.
 
 
 4
 Shoemaker's complaint, which consists of conclusory accusations of electronic eavesdropping and defamation, does not satisfy the pleading requirements of Fed.R.Civ.P. 8(a) and 8(e)(1). Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir.1995); Becker v. Adams Drug Co., 819 F.2d 32, 33 (2d Cir.1987) (per curiam), cert. denied, 484 U.S. 1015 (1988); Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir.1972) (per curiam), cert. denied, 411 U.S. 935 (1973). In addition, Shoemaker's complaint is frivolous on its face. See, e.g., Becker, 819 F.2d at 33.
 
 
 5
 We review the district court's denial of leave to amend a complaint for abuse of discretion. Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir.1993). There was no abuse of discretion in this case, because, under the circumstances, amendment of the complaint was certain to be unproductive. See id.
 
 
 6
 Affirmed.