Gerald Paul HARRINGTON,
Plaintiff–Appellant,

v.

PINKERTON'S INC., Defendant,

Consolidated Rail Corporation,
Defendant–Appellee.

Docket No. 01–7503.

United States Court of Appeals,
Second Circuit.

July 3, 2002.

Gerald Paul Harrington, pro se, Merrick, NY, for Appellant.

Alan Muraidekh, Hodgson Russ LLP, New York, NY, for Appellee.

Present WALKER, Chief Judge, WINTER and F.I. PARKER, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said District Court is **AFFIRMED.**

Plaintiff-appellant Gerald Paul Harrington, *pro se*, appeals from the March 21, 2001 judgment of the United States District Court for the Eastern District of New York (Denis R. Hurley, *District Judge*) granting a motion for summary judgment in favor of defendant-appellee Consolidated Rail Corporation ("Conrail").

In January 1996, Harrington filed a complaint alleging that his former employer, Conrail, and defendant Pinkerton's Inc.

("Pinkerton") had subjected him to harassment and the intentional infliction of emotional distress. By stipulation, the case was discontinued against Pinkerton. Although his complaint lacked reference to any specific acts, Harrington claimed during a deposition that Conrail committed forty-six acts of harassment over his twenty-five years of employment. His allegations can be categorized into three types: (1) work-related disciplinary hearings; (2) incidents that took place at work; and (3) incidents that occurred outside of the Conrail work environment.

The district court granted summary judgment in favor of Conrail. The district court assumed without deciding that intentional infliction of emotional distress was cognizable under the Federal Employer's Liability Act ("FELA") and determined that Harrington's allegations failed because: (1) the disciplinary hearings and the incidents at work (collectively, "work-related incidents") did not constitute "extreme and outrageous" conduct; and (2) Harrington offered no evidence that Conrail was responsible for any act other than the work-related disciplinary hearings. In addition, the district court *sua sponte* denied Harrington leave to amend his complaint.

Reviewing the grant of summary judgment motion *de novo, see Allstate Ins. Co. v. Mazzola*, 175 F.3d 255, 258 (2d Cir. 1999), and construing Harrington's *pro se* submissions liberally, *see Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir.1996), we affirm.

Under FELA, "[e]very common carrier by railroad ... shall be liable in damages to any person suffering injury while he is employed by such carrier." *See* 45 U.S.C. § 51. This Circuit has not yet decided whether a common carrier such as Conrail could be held liable for intentional infliction of emotional distress under FELA.

We need not decide the issue here because Harrington's claims fail even if such a claim is cognizable under FELA.

Assuming that a cause of action based on intentional infliction of emotional distress exists under FELA, we look to common-law principles, unless expressly modified or abrogated, to determine the elements of such a claim. *See Metro–North Commuter R.R. Co. v. Buckley*, 521 U.S. 424, 429, 117 S.Ct. 2113, 138 L.Ed.2d 560 (1997); *Consol. Rail Corp. v. Gottshall*, 512 U.S. 532, 543, 114 S.Ct. 2396, 129 L.Ed.2d 427 (1994). New York law tracks the common-law principles of intentional infliction of emotional distress. *See* Restatement (Second) of Torts § 46 (1948). Under New York law, a claim for intentional infliction of emotional distress requires a showing of: "(1) extreme and outrageous conduct; (2) intent to cause, or reckless disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress." *Conboy v. AT & T Corp.*, 241 F.3d 242, 258 (2d Cir. 2001); *Stuto v. Fleishman*, 164 F.3d 820, 827 (2d Cir.1999).

▮ Only one of the work-related incidents, where Harrington claims that a Conrail employee made him ill by giving him a soda that had been contaminated with urine, might satisfy the requirement of extreme and outrageous conduct. However, Harrington concedes that the soda was "sealed" when given to him and he has presented no proof that the soda contained urine. Thus, he has failed to show a causal connection between his alleged illness and the soda or that Conrail was responsible for the contamination, if any. As for the third category of incidents that occurred outside of the work environment, we find Harrington's conclusory allegations that Conrail was responsible for

these acts insufficient to survive summary judgment. *See Podell v. Citicorp Diners Club, Inc.*, 112 F.3d 98, 101 (2d Cir.1997).

To the extent that Harrington's submissions might state a claim of negligent infliction of emotional distress, we find his contention to be equally meritless. The Supreme Court has adopted the "zone of danger" test, limiting recovery to those plaintiffs who: (1) sustain a physical impact as a result of a defendant's negligent conduct; or (2) are placed in immediate risk of physical harm by that conduct. *See Gottshall*, 512 U.S. at 547–48, 554; *Nelson v. Metro–North Commuter R.R.*, 235 F.3d 101, 105 (2d Cir.2000). Harrington has not produced evidence that Conrail was responsible for any negligent act that placed him in an immediate risk of physical harm.

Finally, we find that the district court's denial of leave to amend did not constitute an abuse of discretion. *See Grace v. Rosenstock*, 228 F.3d 40, 54 (2d Cir.2000). The district court fully addressed all of Harrington's allegations and we agree with the district court that any amendment to the complaint would have been futile. Thus, dismissal of the complaint was within the district court's discretion. *See Grace*, 228 F.3d at 53; *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

Accordingly, for the reasons discussed, the judgment of the district court is hereby **AFFIRMED**.