Michael R. LAFLAMME,
Plaintiff–Appellant,

v.

CARPENTERS LOCAL # 370 PEN-
SION PLAN and Board of Trustees of
Carpenters Local # 370 Pension Plan,
Defendants–Appellees.

No. 03–9353.

United States Court of Appeals,
Second Circuit.

Feb. 22, 2005.

**4**

Edgar Pauk, New York, N.Y. (Phillip G. Steck, Cooper Erving & Savage LLP, Albany, NY), for Appellant, of counsel.

Jennifer T. O'Neil (Dominick Tocci, Joseph P. Cifarelli, II), Tocci, Parker & Tocci, LLP, Albany, NY, for Appellees, of counsel.

PRESENT: MESKILL, SACK, and B.D. PARKER, Circuit Judges.

#### SUMMARY ORDER

The plaintiff Michael R. LaFlamme appeals from a judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*) denying LaFlamme's motion to amend his complaint and dismissing LaFlamme's putative class action complaint. *LaFlamme v. Carpenters Local # 370 Pension Plan,* 220 F.R.D. 181 (N.D.N.Y. 2003). The district court concluded that LaFlamme had provided no persuasive reason for amending the complaint one and a half years after the deadline to amend pleadings had passed. As for the complaint itself, the district court concluded that this Court's decision in *Langman v. Laub,* 328 F.3d 68 (2d Cir.2003), *cert. denied,* 540 U.S. 1107, 124 S.Ct. 1061, 157 L.Ed.2d 893 (2004), "flatly rejected" LaFlamme's argument that a "freeze" provision violates ERISA's 133 1/3 percent rule. *LaFlamme,* 220 F.R.D. at 187. The district court therefore granted the defendants' motion for summary judgment. *Id.*

In his appeal, LaFlamme argues that the district court's reliance on this Court's decision in *Langman* is misplaced. He contends that *Langman* did not address the arguments he raises as to (1) the Carpenters Local # 370 Pension Plan's ("the Plan") violation of the requirement that in each year an employee's "accrued benefit" equal the "normal retirement benefit" and (2) the Plan's violation of ERISA's anti-forfeiture provision. In addition, LaFlamme argues that the *Langman* court was wrong in ignoring ERISA's clear statutory language in favor of an interpretation of ERISA's purpose "culled from the legislative history." Finally, LaFlamme argues that the district court erred in denying his motion to amend the complaint and also erred by not striking two affidavits submitted on behalf of the Plan.

We review grants of summary judgment *de novo,* construing the record in the light most favorable to the nonmoving party. *Church of Am. Knights of the Ku Klux Klan v. Kerik,* 356 F.3d 197, 203 (2d Cir. 2004). Summary judgment is appropriate when the moving party demonstrates that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Blouin ex rel. Estate of Pouliot v. Spitzer,* 356 F.3d 348, 356 (2d Cir.2004). We review a district court's decision to grant or deny motions to amend a complaint for abuse of discretion. *Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir.1993) (per curiam).

█ "[A]s a general rule, one panel of this Court cannot overrule a prior decision of another panel," *Union of Needletrades, Indus. and Textile Employees v. I.N.S.,* 336 F.3d 200, 210 (2d Cir.2003), and we "are bound by the decisions of prior panels until such time as they are overruled either by an en banc panel of our Court or by the Supreme Court." *United States v.*

*Wilkerson,* 361 F.3d 717, 732 (2d Cir.2004). Although "[w]e have recognized ... that an exception to this general rule arises where there has been an intervening Supreme Court decision that casts doubt on our controlling precedent," *Union of Needletrades,* 336 F.3d at 210, there is no such intervening decision in this case. Thus, we are bound by our decision in *Langman.*

■ LaFlamme advances two arguments with respect to ERISA's minimum accrual requirements. First, he makes an argument that falls squarely within this Court's decision in *Langman*—that the "freeze" provision violates the 133 1/3 percent rule in ERISA § 204(b)(1)(B), 29 U.S.C. § 1054(b)(1)(B). Second, he advances a new argument on appeal, that the Plan's "accrued benefit" is not equal to its "normal retirement benefit" as required by the same section.

The district court properly concluded that *Langman* controls this case. In *Langman,* we concluded that pension plans are permitted to apply different benefit rates to pre- and post-break service. 328 F.3d at 71–72. In light of *Langman,* both of LaFlamme's arguments are unavailing.

■ We also decline to consider LaFlamme's other argument, also new on appeal, that the Plan's "freeze" provision violates ERISA § 203(a), 29 U.S.C. § 1053(a)'s minimum vesting standards, which prohibit forfeiture of accrued benefits. In the district court proceedings, LaFlamme attempted to amend his complaint to include this claim, but was denied leave to do so by the district court. *LaFlamme,* 220 F.R.D. at 185–187.

"[A] district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause." *Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 340 (2d Cir.2000). The district court noted that LaFlamme's motion to amend his complaint came nearly 18 months after the deadline to do so had passed. *LaFlamme,* 220 F.R.D. at 185. Determining that LaFlamme had demonstrated no good cause for the delay, the district court was well within its discretion in denying LaFlamme's untimely motion to amend his complaint.

As for LaFlamme's argument that the district court should have striken two affidavits submitted on behalf of the Plan, the court correctly declared the issue moot in light of its grant of summary judgment to the Plan.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.