Sam M. CHUDNOVSKY,
Plaintiff–Appellant,

v.

LEVITON MANUFACTURING CO., INC., and Stephen Sokolow, Defendants–Appellees.

No. 05–0207–CV.

United States Court of Appeals, Second Circuit.

Dec. 9, 2005.

Sam Chudnovsky, Rego Park, New York, for Plaintiff–Appellant, pro se.

Donald I. Richenthal, Richenthal, Abrams & Moss, New York, New York, for Defendants–Appellees.

Present: WALKER, Chief Judge, WESLEY, and HALL, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the district court be and it hereby is **AFFIRMED** in part, **VACATED** in part, and **REMANDED** for further proceedings consistent with this order.

Plaintiff-appellant Sam Chudnovsky appeals from a December 10, 2004, memorandum and order entered in the United States District Court for the Eastern District of New York (Johnson, *Judge*) granting defendants-appellees' motion to dismiss Chudnovsky's Title VII, ERISA, ADEA, and New York law claims and requiring plaintiff-appellant to seek permission from the court before filing future *in forma pauperis* actions against Leviton Manufacturing Co., Inc. and Stephen Sokolow ("Leviton"). Chudnovsky argues that the district court erred when it (1) dismissed his claims based on incidents that occurred during litigation of an earlier complaint; (2) dismissed his Title VII, ERISA and New York statutory claims pursuant to Fed.R.Civ.P. 12(b)(6); (3) denied Chudnovsky's motions to reconsider and to amend his complaint; and (4) ruled that Chudnovsky must seek leave of the court to file any future *in forma pauperis* action against Leviton. We assume familiarity with the facts and procedural history. We affirm in part and vacate in part the district court's ruling, and we remand for further proceedings.

According to the Federal Rules of Civil Procedures, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to

relief." Fed.R.Civ.P. 8(a). Even given this liberal pleading standard, the complaint must disclose sufficient information to give the defendant fair notice of the factual and legal basis for the claims. *See Kittay v. Kornstein,* 230 F.3d 531, 541 (2d Cir.2000). Chudnovsky's retaliation, ERISA, and New York law claims were properly dismissed because he failed to meet this standard. His amended complaint included ambiguities regarding the protected activities that allegedly led to retaliation as well as the factual basis for his ERISA and New York law claims. Those claims were therefore properly dismissed and that portion of the district court's decision is affirmed.

■ Plaintiffs whose claims are dismissed pursuant to Rule 8 ordinarily should be granted leave to file an amended pleading. *See Simmons v. Abruzzo,* 49 F.3d 83, 86–87 (2d Cir.1995). Where granting leave to amend would be unproductive or futile, however, denial of leave to amend is not improper. *See Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir.1993). Chudnovsky already has had one opportunity to amend his complaint. Moreover, in his motion for leave to amend below, Chudnovsky did not indicate that he could allege additional facts that would cure the deficiencies in his already-amended complaint. Therefore the complaint should be dismissed with prejudice.

■ "The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard." *Moates v. Barkley,* 147 F.3d 207, 208 (2d Cir.1998). The district court did not provide Chudnovsky with either notice or opportunity to

be heard. Therefore that portion of the district court's order barring plaintiff-appellant from filing future actions must be vacated, and we remand to the district court with instructions to give Chudnovsky both notice and opportunity to be heard before determining whether sanctions are appropriate.

For the reasons set forth above, the decision of the District Court of the Eastern District of New York is hereby **AFFIRMED** in part, **VACATED** in part, and **REMANDED** for further proceedings consistent with this order.