Joseph v. Buffalo News, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of November, two thousand nineteen.

PRESENT:
>PIERRE N. LEVAL,
>RICHARD C. WESLEY,
>DEBRA ANN LIVINGSTON,
>    *Circuit Judges.*

_____

Joel D. Joseph,

>*Plaintiff-Appellant*,

>v.                                                                          18-2793

Buffalo News, Inc.,

>*Defendant-Appellee*.

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | JOEL D. JOSEPH, *pro se*, La Jolla, CA. |
| **FOR DEFENDANT-APPELLEE:** | HEATH SZYMCZAK (Jeremy P. Oczek, , *on the brief*), Bond, Schoenck & King, PLLC, Buffalo, NY. |

Appeal from a judgment of the United States District Court for the Western District of New York (Geraci, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff Joel Joseph, acting *pro se*, appeals from the judgment of the United States District Court for the Western District of New York (Geraci, *J.*), dismissing his complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted. The complaint alleged that the Buffalo News, Inc., ("Buffalo News") infringed Joseph's copyright by publishing an opinion piece he wrote without authorization. The district court reasoned that the correspondence between Joseph and Buffalo News communicated Joseph's authorization to publish, and that Joseph never requested compensation from the newspaper until after publication. The court also denied Joseph leave to amend his complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.  Dismissal

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor," *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002), with the reservation that the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A plaintiff states a claim for copyright infringement by showing that he possessed a valid copyright and that the defendant copied or distributed her copyrighted work without authorization. *See Tufenkian Import/Export Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 131 (2d Cir.

2

2003). There is no dispute that Joseph has a valid copyright in his article. The sole issue is whether the complaint alleged sufficient facts to show that Buffalo News's publication was unauthorized.

Joseph submitted his article to Buffalo News on August 24, 2015, by email, with a short message describing the piece, but with no mention of any expectation to be compensated for its publication.[1] A Buffalo News editor responded on September 9, 2015, stating: "I think I'll have a spot for this in our Sunday Viewpoints section on Sept. 13. Thank you." Joseph responded, on the same day: "Great. Thanks." Buffalo News then published the article on September 13, 2015. At no point prior to publication did Joseph demand payment or suggest that he imposed any restrictions on his authorization to publish. After publication of the article, however, Joseph sent Buffalo News an invoice demanding compensation.

The import of Joseph's correspondence with Buffalo News is that Joseph authorized Buffalo News to publish his article. By sending the article to the editor and by responding affirmatively (and without qualification) to the editor's statement of intention to publish it on September 13, 2015, Joseph granted to Buffalo News a nonexclusive license authorizing publication. *See Graham v. James*, 144 F.3d 229, 235 (2d Cir. 1998) ("[N]onexclusive licenses may . . . be implied from conduct.") (citations omitted). If Joseph wanted to impose a condition on his authorization to publish, after having received and approved the newspaper's statement of intention to publish on September 13, it was incumbent on him to say so prior to the publication on September 13. When the newspaper published his article in reliance on his unconditional authorization, he was not at

---

[1] Joseph does not challenge the district court's consideration of the email exchanges on a motion addressed to the sufficiency of the complaint. In any event, the district court properly considered them because Joseph relied on those exchanges in his complaint. *See Chambers*, 282 F.3d at 153 (district courts may rely on documents not cited in the complaint where plaintiff relied on the content of the documents in the complaint).

3

liberty to condition the publication that had already occurred by making a retroactive demand for payment. *See Einstein Moomjy*, 338 F.3d at 131 ("Copyright infringement is established when the owner of a valid copyright demonstrates *unauthorized* copying.") (citation omitted) (emphasis added). Accordingly, the district court properly dismissed Joseph's complaint for failure to state a claim of copyright infringement.

## II.     Denial of Leave to Amend

We review denials of leave to amend for abuse of discretion. *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012). "Although [Federal Rule of Civil Procedure] 15(a) provides that leave to amend a complaint 'shall be freely given when justice so requires,' . . . it is within the sound discretion of the district court whether to grant or deny leave to amend." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (citing *John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994)). District courts may deny leave to amend "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (internal quotation marks omitted).

Joseph's proposed amendment was futile. His proposed amended complaint seeks to add allegations that Buffalo News, in addition to publishing his article in its print edition, also displayed his article on its website for more than six months after the September 13, 2015 publication. Because the email correspondence clearly establishes that Joseph granted Buffalo News a nonexclusive license to publish his article, *see supra,* the relevant issue with respect to the online publication is whether such publication was within the scope of that license. When the rightsholder has licensed the alleged infringer to publish, the rightsholder bears the burden of showing that the publication made was beyond the scope of the license. *Graham,* 144 F.3d at 236 ("[W]hen the

4

contested issue is the *scope* of a license, rather than the *existence* of one, the copyright owner bears the burden of proving that the defendant's copying was unauthorized under the license . . . .").   The amended complaint, however, does not allege facts that support the conclusion that he limited the scope of the license to a one-time print publication.

Moreover, upon receipt of Joseph's demand for compensation, Buffalo News offered to Joseph to "remove your column from The [Buffalo] News' website if you want."   Joseph responded to the email with a further plea for payment but did not respond to the offer to remove the article.   Because Joseph did not accept Buffalo News's offer to cease publication on the website, he fails to assert a valid claim that the continued display on the website thereafter, pursuant to his prior authorization, infringed his copyright.   The district court did not abuse its discretion by denying Joseph leave to amend his complaint.   *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend.").

We have reviewed the remainder of Joseph's arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5