18-2201-cv(L)
Hannah v. Walmart

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 3rd day of February, two thousand twenty.

Present:     GUIDO CALABRESI,
             ROSEMARY S. POOLER,
             SUSAN L. CARNEY,
                    *Circuit Judges.*

_____

KIM HANNAH, ZENA M. IRVING, as personal representative of the estate of Tom Irving, MICHAEL BARHAM,

                    *Plaintiffs-Appellants-Cross-Appellees*,

                v.                                          18-2201-cv;
                                                            18-2206-cv;
                                                            18-2346-cv

 WALMART STORES, INCORPORATED, WALMART STORES EAST, LP,

                    *Defendants-Appellees-Cross-Appellants*.[1]

_____

Appearing for Appellants-Cross-Appellees:  Kristan L. Peters-Hamlin, Peters Hamlin LLC, Norwalk, CT.

Appearing for Appellees-Cross-Appellants:  Craig T. Dickinson, Littler Mendelson, P.C., New Haven, CT.

_____

[1] The Clerk of Court is directed to amend the caption as above.

Appeal from the United States District Court for the District of Connecticut (Bolden, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders and judgment of said District Court be and they hereby are **AFFIRMED**.

Appellants-Cross-Appellees Kim Hannah, Zena Irving as personal representative of the estate of Tom Irving, and Michael Barham (collectively, "Employees") appeal from various orders and entries of judgment of the United States District Court for the District of Connecticut (Bolden, *J.*), including the partial grant of summary judgment for Appellees Walmart Stores, Inc., and Walmart Stores East, LP, (collectively, "Walmart"), several evidentiary rulings, jury instructions in Barham's trial, the grant of directed verdict to Walmart on Hannah's failure to rehire claim, the denial of leave to amend the complaint, and the order of sanctions on Employees' counsel for the filing of a premature appeal. Walmart cross-appeals from the district court's award of attorneys' fees and costs, backpay award, and order of reinstatement. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

## I. Hannah, Irving, and Barham's Appeal

Employees' complaint alleges, in relevant part, that Walmart terminated their employment and failed to rehire them because of racial discrimination and in retaliation for reporting racial discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Based on our review of the record, we conclude that Employees have made no meritorious argument on appeal.

### A. Summary Judgment and Directed Verdict

We review de novo a district court's grant of summary judgment. *See Jova v. Smith*, 582 F.3d 410, 414 (2d Cir. 2009). To make out a prima facie case of retaliation under Title VII, an employee must show that "(1) she was engaged in an activity protected under Title VII; (2) the employer was aware of plaintiff's participation in the protected activity; (3) the employer took adverse action against plaintiff based upon her activity; and (4) a causal connection existed between the plaintiff's protected activity and the adverse action taken by the employer." *Cosgrove v. Sears, Roebuck & Co.*, 9 F.3d 1033, 1039 (2d Cir. 1993). "Once a *prima facie* case is made out, the burden shifts to defendant to demonstrate a legitimate nondiscriminatory reason for its decision. If such a reason is articulated, plaintiff must then prove that the proffered reason was a pretext for retaliation and that defendant's real motivation was the impermissible retaliatory motive." *Donato v. Plainview-Old Bethpage Cent. Sch. Dist.*, 96 F.3d 623, 634 (2d Cir. 1996).

We have explained that a Title VII plaintiff can demonstrate causation "indirectly, by showing that the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct." *Gordon v. N.Y.C. Bd. of Educ.*, 232 F.3d 111, 117 (2d Cir. 2000). While "[t]he lack of knowledge on the part of particular *individual agents* [of the defendant] is admissible as

2

some evidence of a lack of a causal connection," a plaintiff can establish retaliation "even if the agent denies direct knowledge of a plaintiff's protected activities, . . . so long as the jury finds that the circumstances evidence knowledge of the protected activities or the jury concludes that an agent is acting explicitly or implicit[ly] upon the orders of a superior who has the requisite knowledge." *Id.* (emphasis in original).

On appeal, Hannah contends that the district court erred in granting summary judgment for Walmart on her retaliatory termination claim. We conclude that the district court did not err. Hannah has shown no direct or indirect evidence that the Walmart employees involved in making job termination decisions in connection with Walmart's reorganization, Project Apple, knew of Hannah's protected activity, or were acting on the orders of a superior who was aware. Thus, Hannah's retaliatory termination claim was rightfully dismissed on summary judgment.

Employees also contend that the district court erred in granting summary judgment on all of Irving's and most of Hannah and Barham's retaliatory failure to rehire claims. Here, we agree with the district court that Employees failed to provide sufficient direct or indirect evidence of retaliation, for substantially the same reasons that the district court articulated in its February and June 2016 decisions. *Hannah v. Wal-Mart Stores, Inc.*, No. 12-cv-01361, 2016 WL 554771 (D. Conn. Feb. 11, 2016), *on reconsideration in part*, 2016 WL 3101997 (D. Conn. June 2, 2016).

Lastly, Hannah challenges the district court's order of a directed verdict for Walmart under Rule 50(a)(1) on her retaliatory failure to rehire claim. "We review the granting of a judgment as a matter of law de novo." *Moretto v. G & W Elec. Co.*, 20 F.3d 1214, 1219 (2d Cir. 1994). We conclude that the district court correctly directed a verdict for Walmart on Hannah's retaliatory failure to rehire claim. While Hannah again cites circumstantial evidence of retaliation, none of this evidence is sufficient to overcome the lack of direct or indirect evidence that the Walmart recruiter employees that screened the job applications Hannah submitted knew of Hannah's protected activity, or were acting on the orders of a superior who was aware. Thus, "a reasonable jury would not have a legally sufficient evidentiary basis," Fed. R. Civ. P. 50(a)(1), to find "a causal connection" between Hannah's protected activity and Walmart's failure to re-hire her, *Cosgrove*, 9 F.3d at 1039.

## B. Evidentiary Rulings

"We review a district court's evidentiary rulings for abuse of discretion, and will reverse only for manifest error." *Manley v. AmBase Corp.*, 337 F.3d 237, 247 (2d Cir. 2003) (citations omitted). On appeal, Hannah contests (1) the district court's denial of her motion to preclude the testimony of seven of Walmart's proposed witnesses, *Hannah v. Wal-Mart Stores, Inc.*, No. 12-cv-01361, 2017 WL 1042057 (D. Conn. Mar. 17, 2017); (2) the district court's partial grant of Walmart's motion in limine to exclude testimony about Employees' retaliatory termination, *Hannah v. Wal-Mart Stores, Inc.*, No. 12-cv-01361, 2017 WL 690179 (D. Conn. Feb. 21, 2017); and (3) the district court's partial grant of Walmart's motion in limine to exclude the testimony of various Walmart managers, *Hannah v. Wal-Mart Stores, Inc.*, No. 12-cv-01361, 2017 WL 10966338 (D. Conn. Mar. 31, 2017).[2]

---

[2] Hannah also argues that the district court erred in excluding evidence of "Hannah's complaints to the highest levels of Walmart's Human Resources department of discrimination

3

We conclude that Hannah's arguments are without merit for substantially the same reasons as the district court set out in each of its decisions. First, though Walmart failed initially to disclose the names of the seven witnesses, Walmart's trial memorandum filed in August 2016 provided Employees with ample notice in advance of trial that Walmart sought to call the witnesses. Thus, Walmart's initial failure to identify the witnesses was harmless for purposes of Federal Rule of Civil Procedure 37(c)(1). Second, the district court was correct to exclude testimony tending to support only claims already dismissed on summary judgment or that concerned the actions of Walmart employees not alleged to have been decision-makers in Hannah's case. Lastly, the district court was correct to exclude the deposition testimony of Walmart managers who had no personal knowledge of Walmart's failure to rehire Hannah. Hannah cites no testimony from the Walmart managers that merits setting aside the district court's factual findings as manifest error.

## C. Jury Instructions

"A jury charge is erroneous if it misleads the jury as to the correct legal standard, or if it does not adequately inform the jury of the law. As an appellate court, this Court need only satisfy itself that the instructions, taken as a whole and viewed in light of the evidence, show no tendency to confuse or mislead the jury as to principles of law which are applicable." *Schermerhorn v. Local 100, Transp. Workers Union of Am., AFL-CIO*, 91 F.3d 316, 322 (2d Cir. 1996) (internal quotation marks, brackets, and citations omitted). On appeal, Barham contends that the district court erred in directing the jury that it could consider solely Barham's application to a Walmart position in February 2011 for purposes of his retaliatory failure to rehire claim, primarily arguing that the district court never dismissed the three job applications Barham submitted before his termination from the case. Barham's argument fails because it is flatly contradicted by the record: the district court's opinion partially granting reconsideration of summary judgment to Walmart explicitly stated that only one job application survived summary judgment for purposes of Barham's retaliatory failure to rehire claim. *See Hannah v. Wal-Mart Stores, Inc.*, No. 12-cv-01361, 2016 WL 3101997, at *5 (D. Conn. June 2, 2016).

## D. Denial of Leave to Amend the Complaint

"The district court has discretion whether or not to grant leave to amend, and its decision is not subject to review on appeal except for abuse of discretion." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (internal quotation marks, alteration, and citation omitted). Under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave when justice so requires." "In the absence of any apparent or declared reason," including "undue delay, bad faith or dilatory motive on the part of the movant, . . . the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). We conclude that the district correctly denied Employees' motion for leave to amend because Employees have

---

and retaliation." Appellants' Br. at 49. Because Hannah provides no citation to relevant parts of the record or to the relevant decision below, we do not address this argument. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

provided no reason for their undue delay in filing their motion for leave to amend over four years after their complaint was first filed.

### E. Sanctions on Attorney Kristan Peters-Hamlin

We review a district court's imposition of attorney sanctions for abuse of discretion, assessing if the sanctions are based on "an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Schlaifer Nance & Co., Inc. v. Estate of Warhol*, 194 F.3d 323, 333 (2d Cir. 1999) (internal quotation marks and citation omitted). "An assessment of the evidence is clearly erroneous where the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 113 (2d Cir. 2009) (internal quotation marks and citation omitted).

28 U.S.C. § 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "To impose sanctions under § 1927, a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith—that is, motivated by improper purposes such as harassment or delay." *Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 55 (2d Cir. 2018), *cert. denied sub nom. Huebner v. Midland Credit Mgmt.*, 139 S. Ct. 1282 (2019) (internal quotation marks, brackets, and citation omitted).

We conclude that the district court correctly found that Attorney Peters-Hamlin's filing of Irving's premature appeal was without color, lacking "any legal or factual basis." *Wolters Kluwer*, 564 F.3d at 114. We also conclude that the district court did not clearly err in finding that Attorney Peters-Hamlin acted in bad faith by seeking to delay the litigation through filing the premature appeal. Opposing counsel repeatedly informed Attorney Peters-Hamlin that the appeal was premature. And, even assuming arguendo that the appeal caused no actual delay, Attorney Peters-Hamlin nevertheless argued to the district court that the pending appeal was a basis for a trial continuance. Based on this record, we cannot conclude that the issuance of sanctions constituted an abuse of discretion.

## II. Walmart's Cross-Appeal

On cross-appeal, Walmart contends that the district court erred in its calculation of attorney's fees and costs and Barham's award of backpay, as well as in ordering that Barham be reinstated to a position as a Market Asset Protection Manager ("MAPM") at Walmart.

### A. Backpay and Order of Reinstatement

We review the district court's award of back pay under Title VII for abuse of discretion. *See Saulpaugh v. Monroe Cmty. Hosp.*, 4 F.3d 134, 145 (2d Cir. 1993). "The purpose of back pay is to completely redress the economic injury the plaintiff has suffered as a result of discrimination." *Id.* (internal quotation marks and citation omitted). On cross-appeal, Walmart challenges the district court's award of back pay to Barham, arguing primarily that the district

court erred in concluding that if Barham had been hired for the MAPM position he would have been paid the same amount as in his previous MAPM position.

Based on our review of the record, we cannot conclude that the district court abused its discretion in its calculation of Barham's back pay award. Barham had substantially more experience as an MAPM than did the individual Walmart eventually hired for the role. Further, Lauri Canales, a Walmart employee whom Walmart itself cites as an authority for Barham's back pay calculation, testified that Barham "would have probably been hired back at the same pay that he was hired in before." Dkt. 710 at 215. Other parts of Canales' testimony, including that Walmart increased her base salary to make up for the elimination of geographical pay and that her higher base salary had a commensurate increase in potential bonus, undermine Walmart's arguments on appeal.

We review the district court's decision to grant or deny an equitable remedy for abuse of discretion. *See Serricchio v. Wachovia Sec. LLC*, 658 F.3d 169, 193 (2d Cir. 2011). We have explained that "[u]nder Title VII, the best choice [of remedy] is to reinstate the plaintiff, because this accomplishes the dual goals of providing make-whole relief for a prevailing plaintiff and deterring future unlawful conduct." *Reiter v. MTA N.Y.C. Transit Auth.*, 457 F.3d 224, 230 (2d Cir. 2006). "We have recognized, however, that reinstatement is not always feasible for instance, because no position may be available." *Banks v. Travelers Cos.*, 180 F.3d 358, 364 (2d Cir. 1999). "In such situations, the district court is empowered to order a reasonable monetary award of front pay, that is, an award of future lost earnings." *Id.* (internal quotation marks and citations omitted).

We cannot conclude that the district court abused its discretion in ordering that Barham be reinstated as an MAPM in Connecticut. Walmart provides no basis to conclude that the district court's determination that Walmart had flexibility to make personnel changes and that Walmart has had openings for the MAPM position in Connecticut was clearly erroneous. We thus do not disturb the district court's order that Barham be reinstated to an MAPM position in Connecticut or to a job "comparable to the positions Mr. Barham would have been hired for apart from the retaliation in the State of Connecticut." *Barham v. Wal-Mart Stores, Inc.*, No. 12-cv-1361, 2018 WL 3213289, at *3 (D. Conn. June 29, 2018).

## B.  Attorney's Fees and Costs Award

Title VII, 42 U.S.C. § 2000e-5(k), authorizes a district court to, "in its discretion, . . . allow the prevailing party . . . a reasonable attorney's fee." "Because Title VII entrusts the awarding of attorney's fees to the discretion of the district court, we will not disturb the court's calculation of reasonable fees absent an abuse of that discretion or an error of law." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999). "[A] district court necessarily abuses its discretion if it bases its ruling on an erroneous view of the law or on a clearly erroneous assessment of the record." *Farbotko v. Clinton Cty. of New York*, 433 F.3d 204, 208 (2d Cir. 2005) (internal quotation marks and citation omitted).

A district court's calculation of attorney's fees using the lodestar method, in which the district court multiplies the "number of hours reasonably expended on the litigation times a

reasonable hourly rate," is given the "strong presumption that [it] represents a reasonable fee." *Quaratino*, 166 F.3d at 424 n.1, 425 (internal quotation marks and citations omitted). We conclude that Walmart has not met its burden to establish that a reduction of the presumptively reasonable lodestar amount was justified. *See U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 413 (2d Cir. 1989). The district court carefully considered the parties' submissions and other cases from the District of Connecticut to determine the market rate of counsel, and reduced the total number of billable hours to account for the lack of success of Irving and Hannah's claims. In the circumstances of this case, Walmart's citation to other, potentially comparable cases from the District of Connecticut does not suffice to establish clear error.

Walmart also challenges the district court's award of costs for transcripts of depositions of various Walmart managers and officers, arguing primarily that these individuals had no reporting relationships with Barham or a role in the denial of his job application. The lack of reporting relationship or connection to his job application is insufficient in itself to establish that the award of these costs constituted an abuse of discretion, however, where, as here, Walmart has neither established nor argued that the testimony had no relevance to Barham's case generally. Indeed, the district court eliminated from its award of costs to Barham those costs associated with work performed exclusively for Irving and Hannah.

We have considered the remainder of Employees' and Walmart's arguments and find them to be without merit. Accordingly, the orders and judgment of the district court hereby are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7